Thompson and another vs. The City of Milwaukee, imp.

THOMPSON and another, Appellants, vs. THE CITY OF MIL-WAUKEE, imp., Respondent.

*September 27 — October 11, 1887.*

*Constitutional law, local act: Lien of material-man in Milwaukee: Pleading.*

1. The "act to protect laborers and material-men in the city of Milwaukee" (ch. 332, Laws of 1878), and ch. 261, Laws of 1882, amending it, were amendatory to the city charter; and were not local or private acts within the meaning of the constitutional provision (sec. 18, art. IV), that such acts "shall not embrace more than one subject, and that shall be expressed in the title."
2. The remedy given by ch. 332, Laws of 1878, as amended by ch. 261, Laws of 1882, to subcontractors upon public works in the city of Milwaukee, was exclusive, and the filing of a proper statement or petition in the office of the city clerk, as therein prescribed, is essential thereto.
3. A complaint against the city of Milwaukee, by one who furnished materials and performed labor for the city upon a public school building, under the principal contractor in 1883 and 1884, to recover the amount due from the city to such contractor, is bad on demurrer unless it alleges that the petition or statement of claim required by ch. 332, Laws of 1878, was filed in the office of the city clerk within twenty days after the same accrued.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It is alleged in the complaint, in effect, that the plaintiffs, as copartners and as subcontractors, had between January 1, 1884, and February 20, 1884, done work and labor and

furnished materials to one James L. Judge, the principal contractor, in and about the construction and completion of Fifth district school-building, exclusively for said city, to the amount of $329.70; that the amount due to said Judge, as such principal contractor, for such construction and completion, was at the time of the commencement of this action $431.02; and this action was brought against said principal contractor and said city, jointly, for the recovery of said sum of $329.70. Thereupon, the city demurred to the complaint upon the grounds (1) that several causes of action had been improperly united; (2) that the complaint did not state facts sufficient to constitute a cause of action against the city. From the order sustaining such demurrer the plaintiffs bring this appeal.

The cause was submitted upon briefs of *Frisby & Gilson* for the appellants, and *Eugene S. Elliott* and *Adolph Herdegen* for the respondent.

On the part of the appellants it was contended that sec. 3328, R. S., was not repealed or superseded by ch. 332, Laws of 1878, or ch. 261, Laws of 1882, amendatory thereof, nor was the remedy given to subcontractors under the latter acts exclusive. The remedy given by the general law was a sort of garnishment, while that given by the latter acts was a *lien*. It may be cumulative, but clearly was not intended as a substitute for the former. Smith on Stat. & Const. Law, sec. 786; *U. S. v. Henderson*, 11 Wall. 652; Potter's Dwarris on Stats. etc. p. 155, note 5; *Curry v. C. & N. W. R. Co.* 43 Wis. 665; *Oleson v. G. B. & L. P. R. Co.* 36 id. 383; *People v. Quigg*, 59 N. Y. 83; *Meek v. Pierce*, 19 Wis. 300. The two statutes are not repugnant, but should be so construed that both may stand. *Cent. Iowa R. Co. v. Board of Sup'rs*, 67 Iowa, 199; *Lorimier v. Lewis*, 1 Morris, 253; *Warder v. Arell*, 2 Wash. (Va.), 282; *Daviess v. Fairbairn*, 3 How. (U. S.), 636; *Neill v. Keese*, 5 Tex. 23. The act of 1878 is a local and private act, and cannot pro-

tect subcontractors, that subject not being expressed in the title. Cooley's Const. Lim. 181; *Mewherter v. Price*, 11 Ind. 199; *State v. Young*, 47 id. 150; *Jones v. Thompson*, 12 Bush (Ky.), 394; *Pushing v. Sebree*, id. 198; *State v. Kinsella*, 14 Minn. 524; *State v. Bowers*, 14 Ind. 195; *State ex rel. Peck v. Rusk*, 55 Wis. 476; *Penn. & Del. R. Co. v. Leuffer*, 84 Pa. St. 168; *Whitaker v. Smith*, 81 N. C. 340; *Balch v. N. Y. & Osw. M. R. Co.* 46 N. Y. 524; *Aikin v. Wasson*, 24 N. Y. 482; *Coffin v. Reynolds*, 37 N. Y. 640.

CASSODAY, J.    1. The action is confessedly brought under sec. 3328, R. S.    That section is a mere revision of ch. 150, Laws of 1873, omitting the state.    Such revision must be regarded as a mere continuation of that chapter, and not as a new enactment.    Sec. 4985, R. S.    Ch. 332, Laws of 1878, provided, in effect, that any person who shall furnish any supplies or materials, or do or perform any labor or service, in the execution of any contract awarded by the board of public works of the city of *Milwaukee*, should have a lien for the amount due for such supplies, labor, or services, on the certificate or order to be issued to the contractor or contractors upon such contract: *provided*, however, that such laborer or material-man filed in the office of the city clerk of said city, within twenty days after such claim or demand should accrue, a petition or statement in writing, under oath, by the petitioner, setting forth the nature of such claim or demand, the amount due, the name of the contractor, and the date and nature of his contract with the city; with other limitations.    That chapter went into effect April 9, 1878, and also provided, in effect, that "*all contracts*" thereafter "made by the board of public works of said city" should "refer to and be made subject to the provisions of" that act.    That chapter was in force before the present Revised Statutes, which provided that none of the general provisions therein should be construed so as to

affect or repeal the provisions of any special acts relating to particular cities, unless such special acts were enumerated in the acts thereby repealed (sec. 4987), and said act was not so enumerated in sec. 4978, R. S. Besides, such provisions of the city charter, being at variance with the provisions of sec. 3328, R. S., were required by the Revised Statutes to prevail over said section, unless a different intention was plainly manifested. Sec. 4986. No such different intention was manifested therein. On the contrary, the legislature, by ch. 261, Laws of 1882, amended ch. 332, Laws of 1878, in several particulars, and, among other things, by making it clearly applicable to subcontractors, provided they filed the requisite notice "within twenty days after the date of the last charge." There is no allegation in the complaint that any such notice was ever filed as thus required by the charter. Such allegation was clearly requisite, in order to state a cause of action against the city, under the charter. *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 Wis. 281; *McArthur v. Slauson*, 60 Wis. 293. The same rule is sanctioned in other states. *Reining v. Buffalo*, 102 N. Y. 308, and cases there cited. In that case, RUGER, C. J., cites approvingly one of the above decisions of this court. We must hold that the remedy given to the plaintiffs by the city charter, as subcontractors, was exclusive; and that they have failed to state a cause of action under the charter.

2. The argument to the effect that each of such enactments in relation to the city of *Milwaukee* was a "private or local bill," within the meaning of sec. 18, art. IV, Const., and therefore void by reason of a defective title, is clearly untenable. True, those amendments to the city charter were confined in their operation to the limits of the city, but they were of public concern, and liable to affect the rights of any of the people therein, and hence can in no sense be regarded as private or local laws, within the pro-

hibition mentioned. This has too often been adjudicated by this court to need enforcement here. *Cathcart v. Comstock,* 56 Wis. 609; *Zitske v. Goldberg,* 38 Wis. 233, and cases there cited.

*By the Court.*— The order of the county court is affirmed.

