McVichie vs. The Town of Knight and others.

McVichie, Respondent, vs. The Town of Knight and others, Appellants.

*March 25 — April 12, 1892.*

*Towns: Issuance of bonds for town hall: Request for submission to vote: Notice of special town meeting: Pleading.*

1. To justify the issuance of town bonds for the purpose of raising money to build a town hall, in pursuance of a vote said to have been taken at a special town meeting, it must appear by the town records that the request for the submission of the question to a vote was made in writing, signed by at least twelve freeholders of the town, as required by subd. 10, sec. 776, R. S. And in an action to restrain the issuance of such bonds a complaint alleging that "it does not appear" that said request was so made is sufficient.

2. The notice calling the special town meeting to vote upon such question is fatally defective where it states that such meeting will be held at the several voting places of the town, there being more than one such voting place.

3. Under sec. 789, R. S.,— providing that the town clerk shall cause notices of a special town meeting "to be posted up in three of the most public places in the town, giving not less than fifteen nor more than twenty days' notice of such meeting,"— a notice of more than twenty days is fatally defective.

McVichie vs. The Town of Knight and others.

4. A notice of a special town meeting, signed " T. H." without any official designation, is fatally defective where there is nothing in the notice to show that T. H. was the town clerk.

5. A complaint alleging that the notice was not posted up in three of the most public places in the town, is *held*, on demurrer, to allege sufficiently a defect in the proceedings.

APPEAL from the Circuit Court for *Ashland* County. The facts are stated in the opinion.

For the appellants there were briefs by *Ruggles & Curtis*, attorneys, and *Smith & Buell*, of counsel, and oral argument by *Rufus B. Smith.*

*T. H. Bushnell*, for the respondent.

ORTON, J. This is an action by the plaintiff, and on behalf of all others alike interested as freeholders and taxpayers of the town of *Knight*, in the county of Ashland, to enjoin the supervisors of said town from issuing and negotiating the bonds of said town, said to have been voted to raise the sum of $6,000 for the purpose of building a town hall in said town; and to enjoin the town treasurer and town clerk from assessing a tax, or collecting the same, to pay said bonds or the interest thereon or any part thereof, based upon the following defective antecedent proceedings on the part of the town, alleged in the complaint: (1) It does not appear that the request required by subd. 10, sec. 776, R. S., to be delivered to the town clerk twenty days before the town meeting at which the vote to issue said bonds was to be taken, was made in writing, signed by at least twelve freeholders of said town. (2) The notice calling said town meeting was that the town meeting would be held at the several voting places of said town, when there were more than one such voting place or precinct in said town, and the result was that 139 votes in favor of the proposition were cast in the first voting place or precinct, and none against it, and 322 votes were cast against said proposition in the second voting place or precinct, and none in favor of it;

and the vote, according to the notice, was against the proposition by a large majority of the electors of the town. (3) The said notice of the town meeting was for more than twenty days, and was twenty-one days, when the statute (sec. 789, R. S.) requires the notice to be "not less than fifteen nor more than twenty days." (4) The notice was not signed by the clerk of the town, and has no official authority. (5) The notice was not posted up in three of the most public places in the town, as said section requires. The demurrer to the complaint, on the ground that it did not state a cause of action, was overruled, and the defendant appealed from said order.

To justify such a vote, and the issue of said bonds, and the consequent taxation, the antecedent proceedings must be strictly according to the statute, and the jurisdiction of the town board to issue the bonds must appear on the records of the town; and no presumptions can be indulged in favor of the officers that they performed their duties. *Ruhland v. Hazel Green*, 55 Wis. 664; *State ex rel. Foster v. Graham*, 60 Wis. 395; *Attorney General v. Eau Claire*, 37 Wis. 400.

1. It must therefore appear that such request was in writing and signed by at least twelve freeholders of the town.

2. The notice was materially defective in calling the election in more than one place. There was a town meeting to be held at one place under the supervision of the town officers. The vote was according to the notice, and against issuing the bonds,— an error fatal to the proceedings.

3. The notice of more than twenty days was as defective as if it had been for less than fifteen days, and equally a departure from the statute.

4. The notice was not signed by any person as clerk of the town, and therefore does not show that it was given by the town clerk. The notice is copied in the complaint,

and shows this and other defects on its face. It is signed, " Thomas Huddleston," without any official designation, and there is nothing in the notice to show that he was clerk of the town.

5. It is alleged in the complaint that the notice was not posted up in three of the most public places in the town. It is claimed that this allegation is merely of a conclusion, and not of any fact. The complaint is sufficient if it alleges the defects in the proceedings, and it need not prove them. If the allegations are not sufficiently definite and certain, they must be made so on motion; and a demurrer on account of them will not lie. *Morse v. Gilman*, 16 Wis. 504; Pomeroy, Remedies, sec. 548. There must be the same accuracy in the statement of the maximum time as that of the minimum time fixed by the statute. *Ruhland v. Hazel Green*, 55 Wis. 664.

These defects are all very material as affecting the right of the supervisors to issue the town bonds, and they are jurisdictional defects. Brown, Jur. secs. 10, 14, 190, pp. 38, 587; *Damp v. Dane*, 29 Wis. 419; *Steen v. Norton*, 45 Wis. 412; *Ohse v. Bruss*, 45 Wis. 442. All these questions have become elementary. It is too clear for argument that the complaint states a good cause of action, and that the demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.