THE STATE EX REL. MERCER, Respondent, vs. DOYLE, Appellant.

*March 25 — April 11, 1893.*

*Elections: Place of holding town meetings.*

When a town has been divided into several election districts pursuant to sec. 27, R. S., as amended by ch. 416, Laws of 1885, all town meetings are to be held at the polling place in the district designated as the first precinct, and votes cast at the other precincts for officers to be elected at a town meeting should not be counted. *State ex rel. Warden v. Waterbury,* 79 Wis. 207, followed.

APPEAL from the Circuit Court for *Oneida* County.

Prior to the town meeting in the town of Minocqua held April 5, 1892, said town was divided into two election precincts, the first being at the village of Minocqua, and the second at Manitowish. The order so dividing said town into two such precincts was in force at the time of said town meeting. At said town meeting the said relator and the defendant were both candidates for the office of chairman of the board of supervisors. At said precinct No. 1 the relator received 131 votes for said office, and the defendant 105, and that no other votes were cast for chairman at said precinct. At said precinct No. 2 the relator received 5 votes for said office, and the defendant 42. The inspectors of said precincts, respectively, counted all the votes so cast at both precincts, and accordingly declared the defendant elected, and he thereupon duly qualified as such chairman, April 11, 1892. The relator thereupon brought this action of *quo warranto* for said office, and filed his complaint therein, and the defendant answered the same.

The issue so formed came on for trial, whereupon the parties waived a jury, and tried said cause by the court, and it was found by the court, as matters of fact, in effect, that the said relator was eligible to said office; that there

were 236 legal votes cast for the office, and that the relator received 131 of said votes, and the defendant 105, and that the relator was duly elected to said office; that the defendant had usurped said office, and since April 5, 1892, had unlawfully withheld said office from the relator; and that all the allegations of the complaint were true. As conclusions of law, the court found that the defendant was guilty of such usurpation and unlawful holding, and that the relator was entitled to have and hold said office by virtue of said election. Judgment was thereupon entered accordingly, and the defendant appeals.

*Levi J. Billings*, for the appellant.

*A. W. Shelton*, for the respondent.

CASSODAY, J. Although sec. 783 of the Revised Statutes is in the chapter relating to towns, and provides a way for changing the place of holding town meetings by ballot of the electors, yet a new and substantive way of making such change is provided by sec. 27, R. S., as amended by ch. 416, Laws of 1885, and which is therein made expressly applicable " to all elections, whether general, special, or town elections: provided, that all town meetings be held at the polling place to be known as the first precinct." *State ex rel. Warden v. Waterbury*, 79 Wis. 207. In that case, after able arguments and careful consideration, it was expressly held that " whenever, under that statute, a town is divided into several election districts, the polling place in the district designated as the first precinct becomes the place for thereafter holding the town meetings in such town, and the officers there elected are entitled to their offices." See, also, *McVichie v. Knight*, 82 Wis. 137. It follows that the votes cast at the second precinct were properly rejected by the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.