STATE EX REL. WENDLING, Appellant, vs. BOARD OF POLICE AND FIRE COMMISSIONERS OF THE CITY OF LA CROSSE, Respondent.

*December 8, 1914—January 12, 1915.*

*Municipal corporations: Removal of police officer: Power of police and fire commission: Charges, by whom to be filed.*

1. In a proceeding under sec. 959—45, Stats. 1913, for removal of a member of the police or fire department in a city of the second or third class, the board of police and fire commissioners can act only upon written charges filed by the chief of the department or by an elector of the city.
2. Where an administrative tribunal of limited jurisdiction is by a fair construction of the statute giving it authority required to act upon written charges made by designated persons, action in the absence of such charges is without jurisdiction and void.
3. Suspension is an *ad interim* stoppage or arrest of official power and pay. Removal terminates wholly the incumbency of the office or employment.

WINSLOW, C. J., and VINJE, J., dissent.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Baldwin & Bosshard,* and oral argument by *C. L. Baldwin.*

For the respondent the cause was submitted on the brief of *J. E. Higbee.*

TIMLIN, J. The appellant, a member of the police force, was removed for misconduct by the respondent board, acting

under sec. 959—45, Stats. 1913.  Upon *certiorari* to the board their order was affirmed, and from the judgment of the circuit court in the latter proceeding the appeal to this court is taken.

Two points are made for reversal: (1) that no charges in writing were filed either by the chief of police or by an elector of the city against the appellant, but the board acted as complainant, or, in other words, filed the charges on its own initiative and in its own behalf; (2) the board failed to reduce to writing and preserve any of the evidence on which it acted.

The appellant was not an officer nor had he any fixed tenure of place, but held a position as policeman during good behavior and at the pleasure of his superior, who had the power of appointment, except as this condition was changed or modified by statute.  Sec. 959—45 first provides that in suspending a chief officer of either department the board may act on its own initiative or upon written charges made by any qualified elector of the city and filed with the president of the board.  Pending investigation of such charges made by a qualified elector the board may in its discretion suspend any such chief officer.  But no chief officer shall be removed from his office unless written charges shall be filed and an opportunity be given him to be heard in his defense.  As we understand this, the action of the board on its own initiative does not rest upon written charges and extends only to suspension. The statute then interposes the broad negative that no such chief officer shall be *removed* from his office unless written charges shall be filed and an opportunity given him to be heard in his defense.  The foregoing is valuable in the instant case only because *in pari materia* with what follows.

The appellant was not a chief officer.  Sub. 2 of sec. 959—45 provides that every other officer or member of either department shall be subject to suspension for cause by the chief of the department or by the said board.  What, if anything, should follow suspension by the board is not expressly provided.  But it is declared that if suspension is made by the

chief officer, the latter shall report the same with the cause of such suspension to the president of the board and the board shall thereupon proceed to examine the charges against such suspended person, giving him an opportunity to be heard in his defense. The action of the board on this hearing must be to reinstate the member immediately, to suspend him temporarily, or to remove him from the office or employment, and the difference between temporary suspension and removal is thereby recognized. It is then provided that any qualified elector of the city may also file written charges against any member. These charges shall be investigated by the board in the same manner that charges by the chief officer are required to be investigated, and pending the investigation of any such charges the board may suspend the person against whom such charges are filed. This again accentuates the difference between suspension and removal. Suspension is an *ad interim* stoppage or arrest of official power and pay. Removal terminates wholly the incumbency of the office or employment. Sub. 3 provides that every person against whom charges are made shall be entitled to a copy of such charges and shall be given an opportunity to be heard in his own defense and the hearing shall be public. The complainant and the person against whom charges are filed may each be represented by an attorney. Each may compel the attendance of witnesses by subpœna. Sub. 4 provides that when any person against whom charges are made shall be convicted and the board shall decide to remove such person, such removal shall be made by an order of the board to that effect to be entered in their records. Sub. 5 provides that the decision of the board shall be final and conclusive.

We think the mere power given to the board to suspend on its own initiative is to be exercised summarily and without filing any charges. But when the more serious proceeding of removal is attempted written charges must be filed, and they must be filed by the chief of police or by any elector of the city. The person making the charges is to assume an adver-

sary attitude toward the accused and may employ an attorney to prosecute these charges. The board is nowhere expressly authorized to file charges for removal, to prosecute these charges, and to sit in judgment thereon. The statute does not seem to contemplate any such anomalous proceeding. Notwithstanding the broad power given to the board in other respects, we think a fair construction of this statute leads to the conclusion that in a proceeding for removal the board can only act on written charges filed by the chief of the fire or police department or by an elector of the city. No doubt it would be competent for the legislature to provide that the board might remove without charges or even without cause, or might file charges to be heard before themselves, but the legislature has not seen fit to do so. We think the implications of the statute are to the contrary. The statute is of very doubtful wisdom, but that is not a matter for our consideration. It seems to be framed on the theory of diminishing the authority of the chiefs of the departments mentioned over the members of these departments and giving the latter a right to question before this board any attempted removal or discharge. The statute in thus attempting to secure a hearing and determination must be considered to have in contemplation the hearing before an impartial tribunal; a hearing in the nature of a lawsuit or legal inquiry in which the accuser and the defendant stand as adversary parties and the board as judge and jury. It was apparently not thought necessary to require this in case of suspension. The writing filed in this case is somewhat in the nature of a citation and might perhaps be taken not to be a charge made by the board but by a qualified elector, were it not that the statute requires the charge to be in writing. This paper said:

"The *Board of Police and Fire Commissioners* for the city of La Crosse have been informed that on the night of January 16th or thereabouts Night Sergeant *Wendling,* while on 'duty," did, etc., etc. . . . "You . . . will take notice that the board . . . will meet at . . . for the purpose of investigating said charges, at which time and place you may appear

with attorney if you so elect, and make such answer to the charges as you may be advised."

This document was signed by the *Board of Police and Fire Commissioners*. We must consider it, therefore, charges upon information and belief made by this board against the appellant which put the board in the position of an adversary entitled to employ an attorney to prosecute and at the same time invited the appellant to an impartial hearing. We consider that the statute upon a fair construction thereof not only fails to authorize, but prevents, the board from proceeding in this way in case of a removal by specifying other persons who are to make the charges in such case and by conferring upon the prosecutor powers and upon the board duties inconsistent with such construction of the statute.

It is quite elementary law that where an administrative tribunal of limited jurisdiction is by a fair construction of the statute giving it authority required to act upon written charges made by designated persons, action in the absence of such charges is without jurisdiction and void. *Thompson v. Milwaukee*, 69 Wis. 492, 34 N. W. 402; *Verbeck v. Verbeck*, 6 Wis. 159; *Appeal of Royston*, 53 Wis. 612, 11 N. W. 36; *Damp v. Dane*, 29 Wis. 419; *Canfield v. Smith*, 34 Wis. 381; *McVichie v. Knight*, 82 Wis. 137, 51 N. W. 1094; *Crawford Co. v. Le Clerc*, 3 Pin. 325; *St. Sure v. Lindsfelt*, 82 Wis. 346, 52 N. W. 308.

It follows that the circuit court erred in refusing to vacate the order of the police and fire commissioners. This disposes of the case, and it is not necessary to consider the second point made by the appellant, and we express no opinion upon it.

. *By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.

The following opinion was filed February 8, 1915:

WINSLOW, C. J. (*dissenting*). I think this decision is to be regretted. A police force is much like a military force

and needs the most perfect discipline in order to be efficient. There can be no discipline worthy of the name where the supreme governing board is powerless to remove a member of the force on its own initiative.

It seems to me very clear that the first subdivision of sec. 959—45 gives to the defendant board the power not only to suspend but to remove the chief officer of either the fire or police department on its own initiative or upon the initiative of an elector of the city. If this be true, then it seems to me inconceivable that it was intended by the second subdivision of the section to deny the board the power of removal on its own initiative in case of a mere member of the force. I admit the rather unsatisfactory wording of this last named subdivision, but it is certain that it gives the board the same power of suspension on its own initiative as is given by the first subdivision in case of the chief officer. It then provides for suspension by the chief of the department and for suspension by the board pending a hearing upon charges made by a taxpayer, and specifies the powers and duties of the board in investigating the charges and making an order of removal in either of the last named cases. Nothing is said about the method of removal in case of suspension on its own initiative. Is it to be supposed from this that the legislature intended that such a suspension should be indefinitely hung up and never be followed by trial, vindication, or condemnation until the chief of the department or a qualified elector chose to present charges?

The idea seems to me impossible. Evidently the legislature did not deem it necessary to make more specific provision as to the powers of the board in case of suspension on its own initiative. That power was assumed to exist as a natural result or corollary of the general powers specifically given, as well as of the fact that the commission was the supreme governing power and needed no special grant.

Vinje, J. I concur in the foregoing dissenting opinion of Mr. Chief Justice Winslow.