STATE EX REL. BARANOWSKI, Respondent, vs. KOSZEWSKI and others, Appellants: HANLEY, Respondent.

*September 12—November 18, 1947.*

*William J. McCauley,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, for the appellants.

For the respondents there was a brief by *Werner J. Trimborn,* attorney for Hattie Baranowski, and *Gold & McCann,* attorneys for George M. Hanley, all of Milwaukee, and oral argument by *Mr. Trimborn* and *Mr. Ray T. McCann.*

WICKHEM, J.    Hattie Baranowski, sixty-one years of age, was employed by Milwaukee county in 1914 as a matron in Milwaukee county jail, a position not under civil service.    In 1922 she was appointed deputy sheriff under civil service and has since served continuously in that capacity.    On June 8, 1946, pursuant to a rule of the Milwaukee county civil service commission, she submitted to a physical examination.    The medical findings were that she weighed two hundred and fifty-eight pounds, has 20/20 vision in the left eye and 20/70 vision in the right eye, not satisfactorily corrected, blood pressure of 180 systolic and 100 diastolic, and that she was physically disqualified by reason of high blood pressure and poor vision to discharge her duties.    The employee appealed to the medical review board which found her blood pressure to be 210 systolic and 100 diastolic.    The findings of the original examiner were affirmed.    Thereupon the Milwaukee county civil service commission requested George M. Hanley, sheriff of Milwaukee county, employee's superior officer, to retire her on pension because of physical unfitness and advising him that unless he did so the commission would refuse to approve any

further pay-roll vouchers. On June 18, 1947, the sheriff refused to file charges and took the position that while the employee might not be able to pass a physical examination, she was actually doing her work with efficiency and was physically able to do so. Thereafter, on June 20, 1947, charges were filed by David V. Jennings, chief examiner of the Milwaukee county civil service commission, alleging physical infirmity rendering her unfit to perform her duties. There was a hearing at which there was introduced without objection all of the medical reports relative to the employee and, in addition, a statement of her personal physican finding her blood pressure as of June 30, 1947, to be 222 systolic and 140 diastolic. There was evidence by one of the doctors of the medical review board that she was physically disqualified because the discharge of her duties subjected her to physical strain which endangered her health, as well as her life. The commission sustained the charges and directed a separation of employee from classified service of Milwaukee county, as well as her discharge as a deputy sheriff as of the date of her suspension.

The trial court was of the view that under ch. 16, Stats., no one but the appointing power, namely the sheriff of Milwaukee county, could legally prefer charges against respondent and that the civil service commission could not by rule legally authorize the filing of such charges by the chief examiner. It was further found that there was no credible evidence in the record of the present physical unfitness of the employee to perform her duties.

We shall first deal with the jurisdictional question. Sec. 16.38, Stats. (applicable to Milwaukee county), under the head of "Demotion; dismissal; procedure" provides that whenever a person possessing appointing power in the county believes that an officer or employee in the classified service in his department has acted in such a manner as to show him to be incompetent or to have merited suspension, demotion, or dismissal, he shall report in writing to the civil service commission setting

forth specifically his complaint, and may at the same time suspend such officer or employee pending a hearing of said charges.

Sec. 16.38, Stats., then proceeds with directions for the fixing of a time and place of hearing and for the hearing itself.

Sec. 16.42 (1), Stats., prescribes that no factor other than the fitness of the person to perform the duties of the position in which he is acting shall affect the determination of the suspension and discharge.

Sec. 16.32 (1), Stats., provides that the civil service commission shall make "such rules and regulations to carry out the provisions of sections 16.31 to 16.44, inclusive, as in their judgment shall be adapted to secure the best service for the county in each department affected by said sections, and as shall tend to promote expedition and speed the elimination of all unnecessary formalities in making appointments."

Shortly after its creation the civil service commission of Milwaukee county enacted a rule that such charges as are specified in sec. 16.38, Stats., may likewise be filed by a superior officer or by a chief executive officer of a department, board, or institution, or by the chief examiner of the civil service commission where a department head or appointing authority refuses or neglects to file such charges, and finally by any citizen when in the judgment of the commission the facts alleged under oath by such citizen and supported by the affidavit of one or more citizens would, if charged and established, amount to grounds for dismissal of such officer or employee.

The employee contends and the circuit court held that this rule is an attempt to amend sec. 16.38 (1), Stats., and void because beyond the jurisdiction of the commission. The commission asserts that the rule is within its rule-making function as conferred by sec. 16.32.

We are of the view that the holding of the trial court must be sustained. It is elementary, of course, that the power of an administrative body to make rules must exist within the frame-

work of the statute creating it and must accord with the policy of such statute. *State ex rel. Adams v. Burdge,* 95 Wis. 390, 70 N. W. 347; *State ex rel. Buell v. Frear,* 146 Wis. 291, 131 N. W. 832. In *State ex rel. Wendling v. Board of P. & F. Comm'rs,* 159 Wis. 295, 299, 150 N. W. 493, 150 N. W. 896, this court said:

"It is quite elementary law that where an administrative tribunal of limited jurisdiction is by a fair construction of the statute giving it authority required to act upon written charges made by designated persons, action in the absence of such charges is without jurisdiction and void. *Thompson v. Milwaukee,* 69 Wis. 492, 34 N. W. 402; *Verbeck v. Verbeck,* 6 Wis.*159; *Appeal of Royston,* 53 Wis. 612, 11 N. W. 36; *Damp v. Dane,* 29 Wis. 419; *Canfield v. Smith,* 34 Wis. 381; *McVichie v. Knight,* 82 Wis. 137, 51 N. W. 1094; *Crawford County v. Le Clerc,* 3 Pin. 325; *St. Sure v. Lindsfelt,* 82 Wis. 346, 52 N. W. 308."

Although the case is not in point some recognition of this principle will also be found in *State ex rel. Esser v. McBride,* 215 Wis. 574, 254 N. W. 657.

Fairly construed, we consider that sec. 16.38, Stats., requires the civil service commission to act upon written charges made by a person possessing appointing power—in this case, the sheriff of Milwaukee county. This is jurisdictional and for obvious reasons may not be enlarged by a commission under its rule-making power. It is the evident intent of the legislature that the person having the responsibility of appointment shall initiate proceedings in cases seeming to him to warrant dismissal and that he thereafter shall take an active adversary position leaving to the commission a passive and *quasi*-judicial function. This being the legislative purpose, we are clear that there can be no modification or enlargement of it by use of the undoubted rule-making powers of the commission. It follows that the proceedings before the commission are wholly without jurisdiction.

The second question in this case is whether the evidence supports a finding of the commission that respondent is physically unfit to discharge the duties of her position. The trial court was of the view that no evidence was produced to this effect. While the jurisdictional point heretofore discussed disposes of the appeal, both parties have requested the court to determine the second question. The reason for the request is that during the pendency of the appeal ch. 192, Laws of 1947, was enacted which amends sec. 16.38 (1)´, Stats., by extending the power to file charges to persons other than persons having appointing power. Thus, unless it is here determined whether there is evidence of respondent's unfitness she may be dismissed under a new complaint and the parties will have to resort ultimately to another appeal. Under the circumstances, we have decided to dispose of this question. The evidence before the commission was that a medical examination held on June 8, 1946, disclosed respondent's blood pressure to be 180/100; on October 24, 1946, a blood pressure of 210/100; on June 30, 1947, a blood pressure of 222/140. Commenting upon this condition the medical testimony was that there was a considerable risk of a cardiac failure, cerebral hemorrhage, or heart-kidney complications, and that the risk increased with respondent's age which was sixty-one years at the time of the examination. On the other hand, one of the doctors for the commission testified that although he thought that her duties subjected respondent to risks and that if she were his patient he would advise her to discontinue her work, she might go along for an indefinite period without serious consequences. Respondent testified that she had suffered from hypertension, high blood pressure, and defective vision during the entire period of her employment, and the evidence of her doctor was that her condition has not changed in twenty years, and that she was doing the same type of work during all of this period. The sheriff, as well as Judge NEELEN and the deputy sheriff who was her immediate superior, testified that

she has always discharged her duties efficiently, and the deputy sheriff added that she had taken no sick time and continuously handled with efficiency a great many extremely difficult cases, including those of recalcitrant prisoners, and that there was no physical insufficiency evident in the discharge of her duties. Sec. 16.42, entitled "Prohibited influences and practices," provides as follows:

"(1) Except as provided otherwise by subsection (2) of section 16.35 [not involved here] no factor or influence other than the fitness of a person to perform the duties of the office or position in which he is acting or employed, or to which he is seeking employment, shall affect the determination of appointments, promotions, transfers, suspensions or discharges. . . ."

Since respondent has been in the same physical condition for all or nearly all the years that she has been employed in her present position, and since the evidence is without dispute that she is discharging and has always discharged her duties with efficiency, including those involving the use of considerable physical energy, we conclude that the findings as to her blood pressure and vision do not bear on her present fitness to do her work. The most that can be said is that a possibility of future disability is disclosed or that she would be well advised in the interests of her future health to withdraw from her present strenuous employment. The statute, however, clearly limits the considerations to the fitness of a person to perform the duties of an office or position and the trial court correctly concluded that there was no evidence of her present unfitness. We conclude that the trial court's conclusions upon this point were correct.

*By the Court.*—Judgment affirmed.