## Hood v. West Pittston Borough et al.

*E. E. Hosey*, for plaintiff.

*John Mulhall*, for defendants.

VALENTINE, P. J., December 23, 1952.—This is a proceeding in mandamus, instituted by plaintiff to compel defendant officials to "reinstate the plaintiff

to the office of Chief of Police of West Pittston Borough" and to reimburse him for loss of salary.

The case was submitted to the decision of the court without a jury.

The facts are uncontroverted and are embodied in the following stipulation of counsel:

"1. That on the 17th day of April, 1950, and for some time prior thereto, Worthie Hood was the duly appointed Chief of Police of West Pittston Borough.

"2. That on the 17th day of April, 1950, Worthie Hood was discharged from the Office of Chief of Police of the Borough of West Pittston by the Council of said Borough.

"3. That plaintiff requested a hearing by the Civil Service Commission of said Borough and said Commission sustained the Council by a two-to-one vote and removed plaintiff from office.

"4. That the plaintiff appealed to the Court of Common Pleas of Luzerne County from the decision of said Civil Service Board. Said appeal was filed to No. 866, October Term, 1950, the records of which action are incorporated herein and made a part hereof by reference thereto.

5. That after argument on said appeal Valentine, P. J., made the following order:

" 'Therefore, now, the 14th day of February, 1951, after hearing of the appeal, we find the appellant, Worthie Hood, guilty of violation of an official duty and of engaging in a political campaign other than to exercise his own right of suffrage and direct that he be suspended from the office of Chief of Police of West Pittston Borough for the period of four (4) months.'

"And, 'Now, February 19th, it is directed that the period of four (4) months' suspension, as embodied in our Order of February 14th, 1951, shall be computed from April 17th, 1950, on which date appellant, at the

direction of the Borough Council, relinquished his position as Chief of Police.'

"6. That thereafter the Borough of West Pittston appealed to the Pennsylvania Superior Court from said Decision.

"7. That the aforesaid appeal was withdrawn by the Borough of West Pittston.

"8. That on the 1st day of February, 1952, the Council of the Borough of West Pittston voted to reinstate Worthie Hood as a patrolman in the Police Department of said Borough, effective the 4th day of February, 1952.

"9. That on February 4, 1952, Worthie Hood, by and through his attorney, Edward E. Hosey, by letter, notified Defendant Council to reinstate Worthie Hood as Chief of Police.

"10. That Defendant Council has not since withdrawal of its appeal to the Pennsylvania Superior Court reinstated Worthie Hood to the Office of Chief of Police.

"11. That this case be tried by the Court without a jury."

Subsequently counsel entered into a supplemental stipulation which set forth that after deducting the amount of plaintiff's earnings from the amount of salary he would have received as chief of police he sustained a net loss as follows:

| | |
|---|---|
| 1950—Loss from the end of the period of suspension | $442.90 |
| 1951 | 787.50 |
| 1952 | 924.00 |
| His total net loss being | $2,154.40 |

In resisting plaintiff's application to the relief sought, counsel for defendants contends that the provisions of the Civil Service Code should be construed

as protecting "members of the Police Force", but not the position of "Chief of Police."

We are constrained to the conclusion that this position is without merit; however, it is obvious that the question should have been raised on the appeal of plaintiff from the order of the Civil Service Commission (42 Luzerne 103), and that it cannot now be considered.

In the last analysis the question for determination is whether defendants may disregard the final order of the court. The order conformed to the requirements of section 1185 of the Borough Code of July 10, 1947, P. L. 1621-1715, which provides:

"The Decision of the Court, *affirming* or *revising* the Decision of the Commission shall be final, and the employe shall be *suspended*, discharged, demoted or reinstated in accordance with the Order of the Court."

We are not here concerned with the power or authority of council to reduce or demote plaintiff from chief of police to patrolman. What we are concerned about is the action of defendants in failing to restore him to the position which he held at the time of his suspension. The order "suspended" plaintiff "from the office of Chief of Police of West Pittston Borough for the period of four (4) months."

This order did not destroy, but merely suspended his right to the office: Daniel v. Citizens' & Southern Nat. Bank, 182 Ga. 384, 185 S. E. 696; State ex rel. v. Seattle, 190 Wash. 222, 67 P. 2d 913. Suspension is an ad interim stoppage or arrest of official power and pay: State ex rel., v. Board of Police and Fire Commrs., 159 Wis. 295, 150 N. W. 493; Lotts et al. v. Board of Park Commrs. et al., 13 Cal. App. 2d. 625, 57 P. 2d. 215. The order of suspension constituted a temporary forced removal from the exercise of the office of chief of police: Murley v. Raritan Township, 117 N. J. L. 357, 188 Atl. 739.

Inasmuch as plaintiff had been deprived of his office of chief of police for more than four months prior to the order of February 14, 1951, it was then the duty of the borough officials to restore him to such office.

There remains for determination the question of damages. Had the order of the court been complied with, plaintiff would have sustained no loss other than being deprived of his salary for four months, the period of his suspension, unless he sustained damages by reason of his unemployment between the end of the four-month period and the filing of the opinion and order. The fact that he was not permitted to resume the duties of his office has resulted in a net loss of $2,154.40, for which he is entitled to recover: Langan v. Pittston School District et al., 335 Pa. 395; Commonwealth ex rel. Siami et al. v. City of Wilkes-Barre et al., 164 Pa. Superior Ct. 529.

Defendants' requests are denied.

Now, December 23, 1952, at 2:30 p.m., the Prothonotary is directed, unless exceptions are filed within 30 days, to enter judgment in favor of plaintiff, and issue a peremptory mandamus commanding defendants to reinstate plaintiff to the office of Chief of Police of West Pittston Borough, and to pay him damages in the sum of $2,154.40, together with costs.