Mitchell vs. Rolison, imp.

---

## MITCHELL vs. ROLISON, imp.

*March 30 — April 19, 1881.*

VACATING JUDGMENT of foreclosure *on affidavits that there was no proof made of default or of the filing of* lis pendens.

Proof, made to the court, of a default, or of the filing of *lis pendens*, is not required to be *filed*, and is no part of the record, unless made so by bill of exceptions; and where the judgment recites the making of such proof, such recital cannot be contradicted by affidavits in support of a motion to vacate the judgment; especially where neither the service, the default, nor the actual filing of *lis pendens*, is denied, and there is no claim of any defense.

APPEAL from the Circuit Court for *Fond du Lac* County. This action was commenced in said circuit court on or about December 8, 1879. On that day the summons and complaint were personally served upon the defendant *Rolison* and his wife. On the 3d of May, 1880, judgment of foreclosure and sale was rendered, and on the 18th of that month it was filed and entered of record. The judgment, among other things, recites due service of the summons and complaint upon the defendant *Rolison* and the other defendants; that proof of such service had been made and filed; and that no answer, demurrer or appearance by said *Rolison*, or by any of the de-

fendants except Taylor and Lyons, had been made or filed therein; and further recites that due notice of the pendency of the action had been filed in the office of the register of deeds of Fond du Lac county on the 12th day of December, 1879, and *due proof of such filing had been made and filed.* Upon an affidavit of the clerk of the court, and an affidavit of *Rolison's* attorney, stating that no proof of default by *Rolison* had been filed therein, and that a copy of the notice of *lis pendens,* dated November 22, 1879, and certified to by the register of deeds of said county, under date of June 5, 1880, as having been filed in the register's office December 12, 1879, was filed with the clerk of said court June 5, 1880, and that no other proof of notice of *lis pendens* was ever filed therein with said clerk, and no proof of the filing of *lis pendens* was made to the court prior to the entry of the judgment, *Rolison* moved the court, November 20, 1880, to vacate the judgment of foreclosure and sale, on the ground that it was irregularly and erroneously rendered and entered, because, at or before the rendition and entry of such judgment, no proof was made to the court, either that notice of *lis pendens* had been filed in the register's office, or that *Rolison* was in default. The motion was denied; and *Rolison* appealed from the order.

For the appellant there were briefs by *Shepard & Shepard,* and oral argument by *T. R. Shepard:*

1. The plaintiff had no right to a judgment of foreclosure without first making proof of the filing of a *lis pendens,* at least twenty days previously. R. S., sec. 3187; *Manning v. McClurg,* 14 Wis., 350; *Spraggon v. McGreer,* id., 439; *Catlin v. Pedrick,* 17 id., 88. 2. The appellant's rights were prejudiced by a judgment rendered in the absence of such proof, and he was entitled to redress. *Manning v. McClurg, supra,* overruling *Boyd v. Weil,* 11 Wis., 58. 3. He could not obtain redress by an appeal from the judgment. The absence of proof of the filing of a *lis pendens* could not be considered on appeal, and would be no ground for reversal, unless such

lack of proof appeared affirmatively upon the record. *Manning v. McClurg, Spraggon. v. McGreer, supra; Webb v. Meloy*, 32 Wis., 319; *Sage v. McLaughlin*, 34 id., 550. Such lack of proof did not in this case appear upon the record, and it was not within the power of the appellant to make it so appear. A motion to vacate the judgment was therefore the proper step for appellant to take, and the only one open to him. *Spraggon v. McGreer, supra; Reid v. Case*, 14 Wis., 429; *Jenkins v. Esterly*, 22 id., 128; *Young v. Schenck*, id., 556; *Latimer v. Morrain*, 43 id., 107; Story's Eq. Pl., § 404. 4. The motion to vacate the judgment was not made too late. The rule that a court has no power to review or reverse its own judgment of a previous term, does not prevent a court from setting aside, at a subsequent term, its own judgment for those errors for which, at common law, the same court, on a writ of error *coram nobis*, would reverse it. Nor does the rule prevent a court from setting aside a void judgment at a subsequent term. A judgment may be so set aside for any errors or irregularities which are not errors in the judgment of the court itself, or upon which the court, in rendering the judgment, never acted. This is the doctrine of the case of *Ætna Ins. Co. v. McCormick*, 20 Wis., 265, and was the rule of the common law. See Comyn's Dig., Art. Pleader (3 B. 1); 2 Rolle's Abr., 724 — "Vacat"; 1 Arch. Pr. (3d ed.), 329; id. (13th ed.), 482; 2 Tidd's Pr., 1136 et seq.; 2 Burrill's Pr., 151–2; *Dewitt v. Post*, 11 Johns., 460; *Camp v. Bennett*, 16 Wend., 48; *Dederick v. Richley*, 19 id., 108; *Matheson v. Grant*, 2 How., 263; Freeman on Judg., §§ 69, 71, 90, 94, 97, 100. The case at bar falls clearly within the rule. The judgment rendered upon the defective state of facts was not, in any proper sense, the judgment of the court. The treating of the defects as no obstacle to a judgment was no part of the deliberative and deciding action, the mental judgment, of the court. The point passed *sub silentio*, concealed by the false recital. None of the previous decisions in this

state were inconsistent with that of *Ætna Ins. Co. v. McCormick, supra. Gardner v. Commissioners,* 1 Pin., 210; *Edwards v. Janesville,* 14 Wis., 26; *Welch v. May,* id., 200; and *Spafford v. Janesville,* 15 id., 479 — fall outside of the rule there laid down; while *Spraggon v. McGreer,* 14 id., 439, and *Schmidt v. Gilson,* id., 514, are clearly within it. Of the later cases, *Hartshorn v. Railway Co.,* 23 Wis., 692; *Landon v. Burke,* 33 id., 452; *Scheer v. Keown,* 34 id., 349; *Pinger v. Vanclick,* 36 id., 141; and *Loomis v. Rice,* 37 id., 262, hold merely that the court below could not in effect correct an error of law in its judgment, at a subsequent term. *Jenkins v. Esterly,* 24 Wis., 340, and *Eaton v. Youngs,* 36 id., 171, were decided upon the ground that the motion to vacate was not made with due diligence; *Kabe v. The Eagle,* 25 id., 108, on the ground that the motion was barred by the denial of a former motion to the same effect. *Bonnell v. Gray,* 36 id., 574, seems to have turned upon the delay of the defendant and the bare technicality of the errors alleged. In *Alderson v. White,* 32 id., 308, no question of the power of the court to grant the relief was involved, and the report does not show whether the motion was or was not made at a term subsequent to the judgment. In *Quaw v. Lameraux,* 36 id., 626; *Fornette v. Carmichael,* 38 id., 236; and *Van Dresar v. Coyle,* id., 672 — the errors charged were held not to be within the rule of *Ætna Ins. Co. v. McCormick, supra,* which in *Quaw v. Lameraux* is quoted and approved. In *Pier v. Storm,* 37 id., 247, ample ground for the decision is found in the gross laches of the defendant; and in *Herman v. Mason,* id., 273, the rule is broadly stated, simply in passing, there being no occasion to lay it down with exactness. In *Salter v. Hilgen,* 40 id., 363, the court for the first time seems to trespass distinctly upon the excepted cases, in which, according to the rule of *Ætna Ins. Co. v. McCormick,* a court has power to vacate its judgment of a previous term. Yet this case is decided upon the authority of *Ætna Ins. Co. v. McCormick.* It being there

held that a judgment rendered upon too short notice of application therefor might have been vacated at a subsequent term had the motion been made with diligence, the case of *Salter v. Hilgen, upon that authority,* holds that a judgment rendered too soon after service of the summons *cannot* be vacated at a subsequent term; thus overruling the former decision on the strength of that decision itself. Of the subsequent cases, *Pier v. Amory,* 40 Wis., 575, and *Egan v. Sengpiel,* 46 id., 703, are the only ones which go to the length of *Salter v. Hilgen;* and, as they rest solely upon that case, they add nothing to it as an authority. The facts in the cases of *Challoner v. Howard,* 41 Wis., 355; *Grede v. Dunnenfelser,* 42 id., 78; *Rosenkrans v. Kline,* id., 558; *Bacon v. Bacon,* 43 id., 197; *Gans v. Harmison,* 44 id., 323; and *Whitney v. Karner,* id., 563 — furnish ample ground for sustaining the decisions upon them, without invoking the aid of the sweeping principle laid down in *Salter v. Hilgen;* the first three cases showing fatal delay in moving to vacate, and the last three an attempt to review a decision upon the merits. The rule as stated in *Ætna Ins. Co. v. McCormick* should therefore be held to be still the law of this state. Those cases which, passing upon applications to vacate judgments under sec. 2832, R. S., in order to admit a party to defend, hold that a showing of merits must be made, have no application here. The appellant came to the court below, not seeking a favor or appealing to its discretion, and obliged to show a defense; but seeking relief, as a matter of right, against a judgment so defective as to result in the sacrifice of his property. See, as inconsistent with the case of *Salter v. Hilgen, supra, Wadsworth v. Willard,* 22 Wis., 238; *Geisinger v. Beyl,* 44 id., 258; also *Wendel v. Durbin,* 26 id., 390, and *Likens v. McCormick,* 39 id., 313, where it was held that a defect in the service of a summons, though waived as a *jurisdictional* defect by what amounted to a general appearance on the motion to vacate, still constitutes an *irregularity* for which a motion to vacate the judgment might prop-

erly be granted; and this, although the records in this court (but not the published reports) show that in each case the motion was made at a term subsequent to that at which judgment was rendered. The judgment in this case was void, and should have been set aside. If a proceeding be expressly directed by a statute to be taken, its omission makes null all subsequent proceedings to which the statute makes the omitted proceeding a required preliminary. McNamara on Nullities, 4; *Garratt v. Hooper,* 1 Dowl. P. C., 28; *Mortimer v. Piggott,* 2 id., 615; *Roberts v. Spurr,* 3 id., 551; *Nunn v. Curtis,* 4 id., 729; *Stephens v. Lowndes,* 3 Dowl. & L., 205; *Cocks v. Edwards,* 2 Dowl. (N. S.), 55; 3 Chitty's Gen. Pr., 525. The language of R. S., sec. 3187, is express and mandatory. And as in the case at bar the filing of the notice was *not proved,* for all judicial purposes such notice was *not filed.* See also *Simonson v. Blake,* 20 How. Pr., 484; *Grant v. Vandercook,* 57 Barb., 165.

For the respondent there was a brief by *Colman, Carter & Kent,* and oral argument by *Mr. Colman.*

CASSODAY, J. There is no dispute but that the court obtained jurisdiction of the defendant *Rolison,* who brings this appeal, by the service of the summons and complaint, as early as December 8, 1879, some five months prior to the entry of the judgment. There is no pretense that *Rolison* ever answered, demurred or appeared in the case. There is no pretense that he has any defense, or shadow of defense. There is no pretense that his default was by any inadvertence or mistake. He does not seek relief under the statute, but demands, as a matter of strict right, six months after the entry of judgment, and at a subsequent term, that it shall be wholly vacated and set aside, because, by some inadvertence on the part of the plaintiff's attorneys, there was a failure to file an affidavit of the fact, which *Rolison* well knew, that he had not answered, demurred or appeared in the case. The fact is admitted, and

Mitchell vs. Rolison, imp.

he only complains because proof of it was not filed. He had apparently no solicitude on the subject until informed of the lack of proof just before making the motion, by one who had acted as attorney for another party in the case. His solicitude to take action then might cause delay, but could not be expected to result in any substantial benefit. Even had judgment been entered before his time for answering had expired, and thus deprived him of a substantial right, yet a motion at a subsequent term to vacate the judgment therefor would necessarily have been denied, especially if not accompanied by verified answer or affidavit of merits. *Salter v. Hilgen*, 40 Wis., 363, and the cases there cited; *Pier v. Amory*, id., 571. For a much stronger reason was the motion denied in the present case. Here the judgment was on application to the court under the second subdivision of section 2891, R. S., which provides that "the plaintiff may, upon like proof, apply to the court for judgment according to the demand of the complaint." This court, in construing that clause, per LYON, J., said, in *Reed v. Catlin*, 49 Wis., 690: "The statute does not require an affidavit, and under the decisions of this court the defective affidavits are valid as oaths, and competent proof of the facts stated in them. Moreover, both judgments recite that no answer, demurrer or notice of appearance had been served by the appellant. In the absence of the affidavits, probably the presumption would be that the court found the fact of such default on other legal and sufficient proof not preserved in the record." Then, after stating the reason why proof must not only be made but filed with the clerk, under the first subdivision, because he "is not a judicial officer," and that "there is no presumption that it was presented to him," he said: "We do not think subdivision 2 requires that such proofs be filed. There is no necessity that they should be filed, because they are made in court, and their sufficiency is determined by the court in the first instance. These observations do not apply to proof of service of process. That must be in writing in

all cases, and is, of course, an essential part of the record. We are speaking of the proof of default alone." Page 691. These observations are strictly applicable to the alleged defect in the record by reason of the omission of filing an affidavit of default, and we see no reason for changing our views of the construction of that subdivision of the section as there expressed.

Much that has been said is equally applicable to the omission to file with the clerk proof of the filing of the notice of *lis pendens* in the register's office. The moving papers concede that the notice of *lis pendens* was in fact filed December 12, 1879. The only imperfection suggested in the notice is, that it does not state that the city of Fond du Lac is in the county of Fond du Lac and state of Wisconsin. But, as intimated on the argument, the court was bound to take judicial notice of that fact. The only defect in the record complained of in respect to the notice of *lis pendens* is, that proof of filing in the register's office was not filed with the clerk until June 5, 1881, being several days after the entry of judgment. But, as stated, the judgment recites that due proof of such filing had been made and filed. The attempt is to falsify this particular recital by affidavits, and on motion of a defendant confessedly in default and without merits. In *Manning v. McClurg*, 14 Wis., 350, the question here presented was considered by this court under a statute substantially like section 3187, R. S. It was there said "that the proofs should be governed by the rules of law applicable to written or documentary evidence in general;" that the "original notice, with proof of its having been filed," or "a copy certified," was sufficient. After showing that our rules of practice do not prescribe the manner in which the proof of filing is to be made as in New York, Judge Dixon said: "But, without a rule, it is manifest that the evidence cannot appear unless the defendant is present to object, and cause his exceptions to be regularly made a part of the record. In the absence of ex-

ceptions showing what the proof was, it must be taken to have been regular and sufficient; for we cannot presume that the court would have acted upon it or rendered the judgment unless it was so. Such is the position of this case. The affidavit forms no part of the record, and cannot be noticed. The judgment recites that notice of the pendency of the action was duly filed in the office of the proper register, and, from all that appears, it cannot be said that the court did not reject the affidavit, and require further proof of the fact. This recital cannot be impeached, except by matter of record showing that it is incorrect. Still, if it appeared that the affidavit was the only evidence, it is doubtful whether the judgment would be considered irregular. It is but secondary evidence, which, under some circumstances, may be received, and which, if not objected to, will not in general constitute good ground of error." Page 353.

If such is the rule of practice in a case where the appeal is directly from the judgment, it is much more conclusively so in a case like this, where the judgment not only recites the filing of the notice in the register's office, but also the proof of the fact on the rendition of the judgment, and where the record is silent as to what the proof was, and where there is no bill of exceptions making the proofs presented in court, or the absence of them, a part of the record, and an attempt is made to impeach the recital as to proof by affidavits *dehors* the record, and when no affidavits on the question could have been properly admitted in evidence against objection at the time of the application for the judgment. In *Catlin v. Pedrick*, 17 Wis., 88, the absence of such proof was made to appear by bill of exceptions. In *Webb v. Meloy*, 32 Wis., 319, it was held that "in a mortgage foreclosure, where the record is silent on the subject, it must be *presumed* in favor of the judgment that notice of *lis pendens* was duly filed." In *Sage v. McLaughlin*, 34 Wis., 550, it was held that "in foreclosure the filing of *lis pendens* need not be proven at the trial, but

may be made to appear to the satisfaction of the court at any time before judgment; and on appeal it will be *presumed* in favor of the judgment (nothing to the contrary appearing in the record), that the court had before it proof of such filing." These cases leave no room for further discussion, and must dispose of this appeal.

*By the Court.*— The order of the circuit court is affirmed.