KILLOPS, Respondent, vs. STEPHENS and others, Appellants.

73  111
74  561

*November 15 — December 4, 1888.*

*(1) Payment: Conflict of testimony: Appeal. (2) Mortgages: Foreclosure: Attorney's fees: Excessive allowance: Remission.*

1. The testimony of the parties being in direct conflict as to whether a certain payment was made upon a mortgage debt, and there being no other evidence on the subject, this court will not disturb the finding of the referee and trial court disallowing such payment.
2. In a judgment of foreclosure the court allowed as attorney's fees a sum greater than that stipulated in the mortgage, but before appeal the plaintiff remitted the excess, giving notice thereof to the defendants. *Held,* that the error was cured.

APPEAL from the Circuit Court for *Waukesha* County. The case is stated in the opinion.

For the appellants there was a brief by *Sumner & Tullar,* and oral argument by *D. S. Tullar.*

*David W. Small,* for the respondent.

LYON, J. The action is to foreclose a mortgage on real estate, executed by the defendant *Stephens* to one Cook, and by him assigned to the plaintiff. The case was here on a former appeal from a judgment dismissing the complaint. The judgment was reversed for error, and the cause remanded with directions to the circuit court to state an account of payments upon the mortgage debt, and authorizing the court to re-refer the cause, and to allow the introduction of further testimony. [66 Wis. 571.] An order of reference was accordingly made, further testimony taken, and the referee stated an account showing that there was due the plaintiff on the mortgage debt, at the date of the report, $260.34. The court confirmed the findings of the referee, and gave judgment of foreclosure accordingly. The defendants appeal from the judgment.

1. On the trial the defendants introduced testimony tend-

ing to show that on February 25, 1877, the defendant *Stephens* paid the plaintiff, on account of the mortgage debt, the sum of $200. The plaintiff testified that no such payment was made. The referee failed to allow the payment, and the court denied a motion by the defendants to modify the report by allowing the payment. The only error going to the merits, assigned on this appeal, is the refusal of the court to allow such alleged payment.

The payment is not evidenced by any receipt, indorsement, or other writing, and the only testimony on the subject is that of the plaintiff and the defendant *Stephens*. Their testimony is in direct conflict, and fails to disclose any fact or circumstance, bearing upon the question as to whether such payment was or was not made, which gives any greater force to the testimony of one party over that of the other. The burden of proof was upon the defendants, and the circuit court was of the opinion that the testimony tending to show that the payment was made did not preponderate over that tending to prove the contrary. Under well-settled rules this court cannot, in such a case, disturb the finding of the trial court.

2. The mortgage contained a stipulation for $30 solicitor's fees over and above taxable costs, and the original order for judgment directed that the plaintiff recover that sum. Before the judgment was entered the court made an *ex parte* order allowing the plaintiff $100 solicitor's fees over and above taxable costs, and that sum was included in the judgment. As a matter of course, this was error. But before this appeal was taken the plaintiff filed with the clerk of the court a remission of all such fees in excess of $30, and gave the attorneys for the defendants written notice that he had done so. On the authority of *Duffy v. Hickey*, 68 Wis. 380, it must be held that such remission and notice thereof cured the error in the judgment. It was claimed by counsel for defendants that in the *Duffy Case* the remission was made

before judgment, and he argued that this fact distinguishes that case from the present one. We are of the opinion, however, that it is immaterial whether the proceeding is had before or after judgment. We think no good reason can be given for making a distinction between the two cases.

No other error having been assigned, the judgment of the circuit court must be affirmed on this appeal. Of course, this judgment does not affect the appeal of the plaintiff now pending.

It is understood that, since the argument, the plaintiff has deceased. The judgment herein will, therefore, be entered as of the day the appeal was argued, to wit, November 15, 1888.

*By the Court.*—Judgment affirmed.