German Mutual Farmer Fire Ins. Co. vs. Decker and others.

GERMAN MUTUAL FARMER FIRE INSURANCE COMPANY, Respondent, vs. DECKER and others, imp., Appellants.
JONAS, Respondent, vs. SAME, Appellants.
SCHULER, Respondent, vs. SAME, Appellants.

*September 27 — October 15, 1889.*

*(1, 2) Jurisdiction: Proof of service of summons: General appearance after judgment. (3) Appeal from judgment brings up subsequent proceedings. (4) Notice of appeal construed. (5, 6) Remission of excessive interest: Modification of judgment after appeal: Costs.*

1. A statement, in the proof of service of a summons by a person other than the sheriff, that the defendants are all " personally known to [the affiant] and are the identical persons named in said summons as defendants therein," is equivalent to saying " that he knew the persons served to be the defendants .mentioned in the summons" (sec. 2642, R. S.).

2. After judgment the attorneys for certain defendants who had not previously appeared served on the plaintiff's attorney a general notice of retainer and a demand that subsequent papers in the action be served upon them. They were accordingly served with an order to show cause why the judgment should not be modified, and appeared and contested the motion on its merits. *Held*, on appeal, that this constituted a general appearance by said defendants, and cured defects in the proof of service of the summons upon them.

3. An appeal from a judgment brings up all proceedings in the action subsequent to the judgment and prior to making the return to the appeal, which affect the judgment in any manner. Such proceedings are not brought up for reversal or affirmance, or for review, but that the appellate court may know whether anything has transpired in the case, after judgment, which will affect the determination of the appeal.

4. A notice of appeal specified that it was taken "from the judgment" (describing it), "and from that part thereof which adjudges," etc. *Held*, that the appeal was from the whole judgment.

5. Where a judgment of foreclosure of a mortgage provides that the amount found due shall draw interest at a higher rate than the statute (ch. 186, Laws of 1889) authorizes in such case, the plaintiff may remit the excess, or the trial court may, at any time, modify

the judgment in that respect on his application, *ex parte* or otherwise.

6. Such modifications of the judgment may be made after the defendants have taken an appeal, while the record still remains in the trial court. But where, in such case, the defendants have opposed the modification it is an abuse of discretion to require them either to dismiss their appeal or pay costs of the motion.

APPEALS from the Circuit Court for *Kewaunee* County.

Each of the three actions above entitled was brought to foreclose a mortgage executed by the defendants Joseph Schleiss and wife of the same real estate in the county of Kewaunee. Judgment of foreclosure and sale was rendered therein at the May term, 1889, of the Kewaunee circuit court, and before May 28, 1889. Neither of the above-named defendants appeared in either action before judgment. The defendants *Decker*, *Duvall*, and *Grimmer* were made parties to such actions as subsequent incumbrancers of the mortgaged premises. On May 28, 1889, they appealed from such judgments.

Each judgment provided that the amount thereof should draw interest at the rate of ten per cent. per annum, and that in case of redemption interest should be computed at that rate. One of the mortgages drew interest at the rate of seven per cent., and the other two at eight per cent., per annum. At the June term of the circuit court of Manitowoc county, which is a special term of the circuit court for Kewaunee county, and on June 14, 1889, the court, on motion of the plaintiff, made an order in each case to so modify the judgment therein that it should draw interest only at the rate specified in the mortgage, as provided in ch. 186, Laws of 1889. The order also gave the defendants who had theretofore appealed from the judgment the right to dismiss such appeal in twenty days, without costs to either party, and imposing $10 costs upon the appellants should they fail to do so. They did not discontinue their appeals, and have appealed from such order.

German Mutual Farmer Fire Ins. Co. vs. Decker and others.

For the appellants there were briefs by *Byron & Decker*, and oral argument by *George B. Byron* and *G. G. Sedgwick*.

For the respondents there were briefs by *John Wattawa*, attorney, and *Nash & Nash*, of counsel, and oral argument by *L. J. Nash*.

LYON, J. We have before us two appeals in each of three actions, but they may all be conveniently considered and disposed of in one opinion.

I. The appeals from the judgments will first be determined.

1. Neither of the appellants *Decker*, *Duvall*, or *Grimmer* made any appearance in the circuit court in any of the actions before judgment. It is now maintained on their behalf that in two of the actions there is no sufficient proof of service of the summons on either of them to give the court jurisdiction to render a judgment against them. The service in each of these two cases was made by a person other than the sheriff, and the alleged defect in such proof thereof is, it fails to show that the person making the service " knew the person served to be the defendant mentioned in the summons," as required by sec. 2642, R. S.

In one of these cases (the *Jonas Case*) the affidavit of service upon the mortgagor Schleiss and the three appellants states that those defendants are all " personally known to him " (the affiant who made such service), "and are the identical persons named in said summons as defendants therein." This statement is equivalent to saying " that he knew the persons served to be the defendants mentioned in the summons." If there is any substantial difference between the expressions, "I know him, and he is the defendant named in the summons," and "I know him to be the defendant mentioned in the summons," we are quite unable to perceive it. *Grantier v Rosecrance*, 27 Wis. 488, is not

authority to the contrary. In that case the affidavit of the person serving the summons stated that the affiant "served the within summons on Martin Rosecrance, to him known as the defendant therein named," etc. . That is no more than saying, "I believe or suppose him to be the defendant," and falls far short of the positive statement, "I know him to be the defendant," required by the statute. We must hold the proof of service sufficient in the *Jonas Case.*

In the other case (that of the fire insurance company) the proof of service of the summons on appellants is defective in the particular claimed. The required statement that the affiant knew the persons served to be the defendants mentioned in the summons is entirely omitted therefrom. This omission would be fatal to the judgment in that case were it not for the facts that, before taking such appeal from the judgment, the attorneys for the appellants served upon the attorney for plaintiff a general notice of retainer, and a demand that subsequent papers in the action be served upon them, and filed such notice with the clerk at the same time the notice of appeal was served on him, to wit, May 28, 1889, at 2:30 P. M.; and that, pursuant to such notice and demand, such attorneys were duly served with the order to show cause why the judgment should not be modified, and the affidavit upon which the order was issued, and appeared and contested the motion on the merits, without claiming any right or benefit founded on the defect in the proof of service of the summons, or making any suggestion (so far as appears) that such defect existed.

We hold that the foregoing proceedings on the part of the appellants constituted a general appearance by them in the action and gave the court jurisdiction of their persons.

It is immaterial that such appearance was made after judgment. This court has repeatedly held that the effect of it is to cure defective service or proof of service of the summons, and make the judgment valid which otherwise

would have been void. *Grantier v. Rosecrance*, 27 Wis. 488, and cases there cited; *Anderson v. Coburn*, 27 Wis. 558; *Alderson v. White*, 32 Wis. 308; *Gray v. Gates*, 37 Wis. 614.

It is also a conclusive inference from the above cases that an appeal from a judgment brings up all proceedings in the action subsequent to the judgment and prior to making the return to the appeal, which affect the judgment in any manner. Such proceedings are not brought up for reversal or affirmance, or for review, but that the appellate court may know whether anything has transpired in the case, after judgment, which will affect the determination of the appeal.

We conclude, therefore, that neither of the judgments ought to be reversed because of any defect in the proof of service of the summons upon the appellants or any necessary party to the action.

2. No objection is made to either judgment on the merits, except that each awarded too high a rate of interest. The objection is well taken, and that portion of each judgment as originally entered is erroneous and must be reversed, while the residue of the judgment will be affirmed. But such reversal is merely formal, affecting only the question of costs, because (as we shall presently see) each judgment was regularly corrected in that particular and the error expunged therefrom while the record remained in the circuit court. *State ex rel. Taylor v. Delafield*, 69 Wis. 264; *Kelly v. C. & N. W. R. Co.* 70 Wis. 335.

The question has been suggested whether the appeal is from the whole judgment, or only from that portion which awards interest thereon at ten per cent. The notice of appeal in each case specifies that it is taken "from the judgment [describing it], and from that part thereof which adjudges that said plaintiff recover interest on said judgment, from the time of the rendition thereof, at the rate of

ten per cent. per annum." Clearly the appeal is from the whole judgment. This view is emphasized by an averment in an affidavit of counsel for appellants read on the hearing of and in opposition to a motion to this court for leave to file amended proof of service of the summons. The averment is "that said appeal was taken for the purpose of obtaining a reversal of the judgment upon such errors as might appear on the face of the record."

II. It only remains to determine the appeals from the orders modifying the judgments.

A party who has recovered judgment against another may, at any time, remit any portion thereof. It requires no order of the court allowing him to do so. The plaintiff in each of these cases could have remitted the excess of interest in the manner pointed out in *Duffy v. Hickey*, 68 Wis. 380, and *Killops v. Stephens*, 73 Wis. 111; that is, by filing with the clerk a remission of the illegal interest awarded in the judgment, and giving notice thereof to the defendants. The plaintiff pursued another course to accomplish the same result. He applied to the court for a modification of the judgment in that behalf, and gave notice of his motion to the defendants. No such notice was necessary. It was entirely competent for the court to make the order at any time and on an *ex parte* application. The whole proceeding (except the awarding of costs against appellants) amounts only to a remission of the excess of interest, and the methods by which it was accomplished are of no importance. Hence all the objections and, exceptions taken to the order (and there are many of them) are entirely immaterial.

There is, however, one valid exception to the orders appealed from. Each of them requires the appellants either to dismiss their appeal from the judgment or pay $10 costs of motion. The orders were made as a favor to the plaintiff, and the appellants had the undoubted right, after hav-

ing been served with notice of the motion therefor, to appear and oppose them. The fact that they did so oppose them does not justify the imposition of costs upon them in such a case. We think the court exceeded the limits of sound legal discretion when it imposed costs of these motions upon the appellants.

It results, from what has been said, that in each of the three cases the judgment must be reversed as to the excess of interest awarded, and affirmed as to the residue; and that the portion of the order modifying the judgment, which imposes costs upon the appellants unless they dismiss their appeal from the judgment, must be reversed, and the residue of the order affirmed. No costs are awarded to either party, on either appeal, except the appellants must pay the clerk's fees on the appeals from the judgments, and the plaintiff must pay the clerk's fees on the appeals from the orders.

*By the Court.*— Ordered accordingly.