THE STATE EX REL. WITTE, Respondent, vs. CURTIS, Appellant.

*September 26 — October 17, 1893.*

*Ditches and drains: Jurisdiction of town supervisors.*

1. Under sec. 1359, S. & B. Ann. Stats., the town supervisors before proceeding to lay out and establish a ditch must determine that in their judgment it is demanded by, or will conduce to, the public health or welfare. Such a determination is essential to their jurisdiction, and unless it appears on the face of their proceedings their order laying out and establishing the ditch is void.

2. Sec. 1388, R. S. (making the order of the supervisors "presumptive evidence of the facts therein stated, and of the regularity of all the proceedings prior to the making of such order"), does not create a presumption of jurisdiction or supply jurisdictional defects in the order.

APPEAL from the Circuit Court for *Jefferson* County.

In attempted compliance with ch. 54, R. S., and the several acts amendatory thereof, the supervisors of the town of Hebron made and filed in the office of the town clerk of that town an order laying out and establishing a town ditch therein, located partly upon the lands of the relator, *August Witte.* He thereupon sued out a writ of *certiorari,* directed to such clerk, to remove the order and proceedings of the supervisors into the circuit court for review. That court reversed the order of the supervisors laying out and establishing such ditch, and adjudged such order to be null and void. The defendant, the town clerk, appeals from the judgment of the circuit court.

For the appellant there was a brief by *Kinne & Curtis,* and oral argument by *H. K. Curtis.*

*L. B. Caswell,* for the respondent.

LYON, C. J. Sec. 1359, S. & B. Ann. Stats., authorizes the town supervisors to lay out and establish a ditch in

their town only in cases in which, in their judgment, such ditch is demanded by, or will conduce to, the public health or welfare. When, therefore, the supervisors meet to decide an application to them to lay out and establish a ditch under the statute, the first question to be determined by them is whether, in their judgment, such ditch is demanded by, or will conduce to, the public health or welfare. If this question be determined in the negative, that is the end of the matter. In such case the supervisors have no jurisdiction to lay out or establish such ditch. But if it be determined in the affirmative, then they have jurisdiction, and it becomes their duty to lay out and establish the same. In determining this question the supervisors act in a *quasi* judicial capacity, and their determination of it is their judgment in the premises which determines their authority or want of authority to lay out and establish the ditch; that is to say, it determines the question of their jurisdiction to act in the premises. The board of town supervisors is, of course, an inferior tribunal, and because it is so it must appear on the face of its proceedings that it has jurisdiction, or its proceedings will be void. 3 Bouv. Inst. p. 70; 12 Am. & Eng. Ency. of Law, 266, note 1. If jurisdiction does not appear on the face of the proceedings, its existence cannot be inferred from the mere fact that the supervisors have assumed to exercise it. 12 Am. & Eng. Ency. of Law, 274, and cases cited in note 3. The rule above stated is elementary, and was fully recognized and acted upon in *Muskego v. Drainage Comm'rs*, 78 Wis. 40. See, also, *Donnelly v. Decker*, 58 Wis. 461.

Sec. 1388, R. S., makes the order of the supervisors presumptive evidence of the facts therein stated and the regularity of all the proceedings prior to the making of such order. It is argued that this section cures the defect in the order, and creates a presumption of jurisdiction. It is obvious, however, that no such effect can be given to this

provision of the statute. Much less was it intended to supply the omission of the judgment of the supervisors, which the statute makes the foundation of their jurisdiction and absolutely essential thereto. It cures omissions in the order going to the regularity only of the proceedings, but does not supply, and was not intended to supply, jurisdictional defects therein. Unless jurisdiction affirmatively appears by the record itself, there seems to be no authorized way for the appellate or supervisory court to ascertain whether the town supervisors had or had not jurisdiction in the premises. For the reasons above stated the circuit court held correctly that the order in question is null and void. It is unnecessary to pass upon any other question argued by counsel.

*By the Court.*— The judgment of the circuit court reversing the order of the supervisors is affirmed.