PORATH, Respondent, vs. THE REIGH & SALENTINE COMPANY, imp., Appellant.

*December 2 — December 17, 1901.*

*Appeal: Sufficiency of notice: Service of summons: Proof.*

1. A notice of appeal is not rendered insufficient by the fact that the first name of the plaintiff is given as "Fred" instead of "Friedrich," or that the judgment is described as against the appellant, naming him, instead of against the appellant and others.
2. Where a part only of a judgment affects the appellant, failure of the notice of appeal to state that the appeal is from that part only, pursuant to sec. 3049, Stats. 1898, does not render the appeal ineffectual, but is a mistake punishable in the discretion of the court in disposing of the question of costs.
3. An affidavit attached to a summons in which the affiant states that he served the summons on the defendant, naming him, and that he knows the person so served to be the identical person "named

as defendant *herein*," is *held* a substantial compliance with sec. 2642, Stats. 1898, requiring such an affidavit to show that the person making the service "knew the person served to be the defendant mentioned *in the summons.*"

4. If the affidavit in such case shows knowledge of the affiant, at the time of making the proof of service, that the person served was the defendant mentioned in the summons, it need not show that he had such knowledge at the time of making the service.

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

Appeal from a judgment by default in an action to foreclose a mortgage. Proof of the service of the summons and complaint upon the defendant *The Reigh & Salentine Company* was made by a person other than an officer, by affidavit attached to the originals in the following language:

"Henry Foelske, being first duly sworn, on oath deposes, says that on the 10th day of April, 1899, at the city of Milwaukee, county of Milwaukee and state of Wisconsin, he served the within summons and complaint on the defendant *The Reigh & Salentine Company* by delivering to and leaving with S. J. Reigh, one of its chief officers, to wit president, a true and correct copy thereof; . . . that he knows the person so served to be the identical person named as defendant herein."

*The Reigh & Salentine Company* appealed from the judgment. A motion was made by plaintiff to dismiss the appeal because, in the papers used to perfect the same, *Fred Porath* is named as plaintiff and the judgment is therein referred to as against *The Reigh & Salentine Company*, while the record shows the name of the plaintiff to be *Friedrich Porath* and the judgment to be against *The Reigh & Salentine Company* and others; further, because the appeal is in form from the whole judgment instead of that part which affects appellant. A further motion was made for leave to amend the affidavit of service on *The Reigh & Salentine Company* so as to show that the person who made such service knew the person served to be the defendant

mentioned in the summons, or, in case of a denial of such
motion, that the record be returned to the circuit court in
order that plaintiff might apply to such court for leave to
amend the proof of service; and that, in case of the grant-
ing of the last motion mentioned, the proceedings in this
court might be stayed a reasonable length of time to allow
appellant to take the benefit thereof. The various motions
in regard to amending the proof of service were based upon
an affidavit showing that the summons and complaint were
in fact properly served on *The Reigh & Salentine Company.*
On the part of appellant a motion was made for leave to
file an amended notice of appeal and undertaking correctly
describing the plaintiff and the judgment.

The cause was submitted for the appellant on the brief
of *Edgar L. Wood,* and for the respondent on that of *Chris.
Doerfler.*

MARSHALL, J.  The notice of appeal identified the cause
and the judgment referred to with reasonable certainty, the
record of which has been certified to this court. That sat-
isfies the statute.  "Fred" is so commonly used for Fred-
erick and Friedrich that no good reason can be assigned for
supposing that respondent was not fully informed by the
notice who was intended as plaintiff; hence the title to the
action was substantially given.  Only one judgment therein
existed.  It was against the appellant, notwithstanding it
was also against others; therefore the expression "appeal
from the judgment against the appellant" sufficiently
pointed to the judgment in the record before us.

The motion to dismiss the appeal because the notice failed
to state, as the fact was, that the appeal was only from that
part of the judgment which affected appellant, is ruled
against respondent by *Irvin v. Smith,* 68 Wis. 220.  True,
sec. 3049, Stats. 1898, requires such a notice to state whether
the appeal is from the whole judgment or from some part

thereof, and if the latter, to specify the particular part; but it was held in the case cited that a notice of appeal in general terms sufficiently states that the whole judgment is questioned and satisfies the statute. If it turns out in any such case that the judgment only affects the appellant in part, and to that exent it is reversed and otherwise affirmed, his mistake in challenging the whole thereof is punishable in the discretion of the court in disposing of the question of costs. Sec. 2949.

The only question on the merits is this: In a paper attached to a summons, does a statement that the signer thereof served the summons on the defendant, naming him, and that he knows the person so served to be the identical person named as defendant in such paper, substantially comply with the requirement of sec. 2642, Stats. 1898, that an affidavit of the service of a summons shall show that the person making the service "knew the person served to be the defendant mentioned in the summons"? Nothing less than a substantially full compliance with the statute is sufficient to establish the jurisdictional fact of service so as to enable the court to render a valid judgment by default. *Sayles v. Davis,* 20 Wis. 302; *Grantier v. Rosecrance,* 27 Wis. 488; *Kernan v. N. P. R. Co.* 103 Wis. 356. The language of the statute need not be literally followed. Any language conveying, substantially, the statutory idea will do. *German M. F. F. Ins. Co. v. Decker,* 74 Wis. 556. In the absence of any adjudication on the subject there would be room for saying that words to the effect that the person who made a service knows that he served on the right person, is not equivalent to saying that he had such knowledge at the instant of making the service, and that such concurrence of knowledge with the service is what the statute demands. However, in *German M. F. F. Ins. Co. v. Decker, supra,* this court seems to have adopted a different rule, holding that it satisfies the statute if, at the time of making the proof of

service, the person who served the paper knows the person served upon to be the defendant mentioned in the summons. The particular language there called in question is as follows: " The defendants are personally known to the affiant and are the identical persons named in the summons as defendants therein." We will adhere to that ruling, holding that knowledge at the time of making proof of service is sufficient to satisfy the statute. The language " served on the defendant," naming him, as it seems, beyond reasonable controversy, points to the defendant mentioned in the summons. It necessarily follows that the language referring to the defendant named in the paper as known to the maker thereof to be the one served upon, by relation points beyond all reasonable doubt to the defendant named in the summons, the effect of the whole being to show personal knowledge by the person making the service, that the person served upon was the identical person mentioned as defendant in the paper served. We cannot see any escape from that conclusion. It follows that we must hold that the proof of service in question was sufficient. That conclusion renders unnecessary any consideration of the various motions made by the respondent in respect to amending the proof of service.

*By the Court.*— The various motions are denied, and, under the circumstances, without costs. The judgment appealed from is affirmed.