SCHMIDT, Respondent, vs. STOLOWSKI, Appellant.

*October 6—October 24, 1905.*

*Title of action in summons: Descriptive words: Proof of service:*
*Judgment by default: Jurisdiction: Record: Filing proofs:*
*Amending proof of service.*

1. In the title of a summons, naming as defendants "Ida Hoffman and her sole surviving joint-tenancy grantee Antonina Stolowski, formerly Skotske," the words "sole surviving" and "formerly Skotske" are merely words of description, not essential to the summons.

2. Mere nonessential words of description of a party, used in the title of the summons, need not be used in the title of the affidavit of service of the summons.

3. Where the title of an action as written in the summons and in the affidavit of service are substantially the same, the statement in the affidavit that the affiant knew the persons served (naming them) "to be the identical persons named as the defendants in the above .action" is a sufficient compliance with the requirement of sec. 2642, Stats. 1898, that the affidavit state that he knew the persons served to be the defendants "mentioned *in the summons.*"

4. An express finding by the court below that there was no appearance for either of the defendants, and a recital in the judgment that the summons had been duly served, that more than twenty days had elapsed since such service, and that defendants had failed to answer the complaint or to appear in the action, show conclusively that the court passed upon the question of default; and such recital must control as far as the record is concerned.

5. Upon an application to the court for judgment by default under subd. 2, sec. 2891, Stats. 1898, the proof of default need not be filed with the clerk.

6. If the summons was in fact served upon defendants the court has jurisdiction, although the proof of service be faulty; and in such a case the court may, even after judgment, permit the record to be amended so as to show the service actually made.

7. If due proof of service of the summons is submitted to the court upon an application for judgment by default under subd. 2, sec. 2891, Stats. 1898, such proof need not be filed with the clerk before the rendition of judgment.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Plaintiff sued for the foreclosure of a mortgage upon the usual complaint in such actions, demanding judgment for the amount due, foreclosure of defendants' interest in the mortgaged premises, and for personal judgment against the defendants. Proceedings were taken which resulted in the rendering of judgment by the circuit court on the 31st day of March, 1902. It appears that plaintiff and his attorney appeared in court upon that day, and proceeded to judgment in the action, upon the ground of default by the defendants. The court proceeded in the cause, took proof of the amount due, and signed findings of fact and conclusions of law which directed judgment to be entered for the foreclosure of the mortgage, a sale of the premises, application of the amount realized at such sale in payment of the mortgage, and, in case of a deficiency, directed a personal judgment to be entered against defendants for the amount of the deficiency. Judgment was signed by the clerk on March 31, 1902, and filed by the clerk on April 8, 1902. On January 17, 1905, the defendant *Antonina Stolowski* appeared specially in the action and petitioned the court to vacate and set aside the judgment entered therein upon the grounds presented, alleging that: (1) The title of the cause as set forth in the affidavit of service filed April 8, 1902, is not the same title as is set forth in the summons and complaint; (2) the affidavit of service omits to state that the person who served the summons and complaint knew the defendant to be the same person mentioned "in the summons;" (3) the findings were signed and judgment rendered by the court and signed by the clerk on March 31, 1902, without proof and filing of an affidavit of default; (4) the affidavit of service had not been filed when judgment was rendered by the court and signed by the clerk on March 31, 1902; (5) neither the summons nor the complaint in the action *were in fact served* upon the petitioner. An order to

show cause why the prayer of the petitioner should not be granted was made by the court and served on the plaintiff. Upon the hearing of such order the parties appeared and submitted proof to the court. No request having been made by either party for a reference or a trial before the court upon oral testimony of the issues raised between the parties by the order to show cause, the court by an order made and dated February 20, 1905, found and ordered, among other things: (1) That the affidavit of service filed April 8, 1902, was sufficiently certain and definite in its title to make it sufficient and valid in this respect; (2) that the statements by affiant that he knew the defendants on whom he served (naming them) to be the identical persons named as defendants in the action, was a substantial compliance with sec. 2642, Stats. 1898, which provides that it shall be stated in such affidavit that affiant knew the person on whom he served to be the person mentioned "in the summons;" (3) that proof of default was submitted to the court on March 31, 1902, before the rendition of judgment; (4) that the affidavit of service of summons was filed on the 8th day of April, 1902, before the entry of judgment by the clerk; (5) that the summons and complaint were, in fact, served on the defendant *Antonina Stolowski,* in the city and county of Milwaukee, on February 25, 1902; and the court thereupon denied the prayer of the petitioner for a vacation of the judgment. The return also shows that the court, on motion duly made and served on appellant, and after hearing the parties to the proceeding, on March 13, 1905, ordered that the original affidavit of service of the summons and complaint in the action be amended to conform to the fact, and to show that the summons and complaint were in fact served on *Antonina Stolowski,* one of the defendants, and for that purpose ordered the affidavit of Henry C. Rehm, which was annexed to the moving papers and showed such service of the summons and complaint, to be filed and to stand as the amended affidavit and proof of serv-

ice of the summons and complaint on the defendant *Antonina Stolowski.* On February 25, 1905, appellant gave notice of appeal from the order dated February 20, 1905, denying her petition for the vacation of the judgment, but not until March 15, 1905, did she perfect such appeal by filing the necessary undertaking on appeal to this court from such order.

*Casimir Gonski,* for the appellant.

For the respondent there was a brief by *Froede & Bodenstab,* attorneys, and *James F. Trottman,* of counsel, and oral argument by *Mr. Trottman.*

SIEBECKER, J. Appellant contends that the order of the circuit court should be reversed, and the relief demanded in her petition for the vacation of the judgment rendered in the action should be granted, because it appears upon the face of the record that the affidavit of service relied on by the plaintiff is not entitled the same as is the summons and complaint. The discrepancy pointed out is an omission of the words contained in the summons "sole" and "formerly Skotzke." The summons is entitled on defendants' part: "Ida Hoffmann and her sole surviving joint-tenancy grantee, *Antonina Stolowski,* formerly Skotzke, defendants," while the affidavit is entitled: "Ida Hoffman and her joint-tenancy grantee, *Antonina Stolowski,* defendant." The omitted words do not refer to the name of the party defendant, but are merely words of description, which were not essential to the summons. Their omission from the title is, at most, a clerical error in the affidavit of service, of no significance. The parties are properly designated and named without their insertion. They do not add to or omit anything material and necessary in the title of the case. The title as written in the summons and the affidavit of service are substantially the same.

It is next insisted that the affidavit of service does not comply with the requirements of sec. 2642, Stats. 1898, in that it omits to state that the person who claims to have served the

summons knew the defendants to be the same persons men-
tioned "in the summons." The affidavit states that affiant
"duly served the summons," etc., "in the above-entitled ac-
tion on [defendants, naming them], by delivering to and leav-
ing with each of them, personally, a true and correct copy
thereof, [and] that he knew the persons so served as afore-
said to be the identical persons named as the defendants in the
above action." In *German Mut. F. F. Ins. Co. v. Decker,*
74 Wis. 556, 43 N. W. 500, where a similar question was pre-
sented under the statute, it was stated that an affidavit of
service stating that the defendants named are all "personally
known to [the affiant], and are the identical persons named in
said summons as defendants therein," is equivalent to saying
"that he knew the persons served to be the defendants men-
tioned in the summons," and such affidavit was held sufficient
under the statute. This rule was adhered to in *Porath v.
Reigh & S. Co.* 112 Wis. 433, 88 N. W. 315, upon the ground
that "the language of the statute need not be literally fol-
lowed. Any language conveying, substantially, the statutory
idea will do." These adjudications rule this case, and under
them the affidavit of service is sufficient.

Appellant further contends that the judgment is void, be-
cause the court signed the findings and rendered judgment
as upon default without taking proof, and before the filing of
an affidavit of default. The court found expressly that "there
was no appearance for or on behalf of either of the defendants
in the action," and in the judgment recites:

"That the summons has been duly served on the defendants
herein, and that more than twenty days have elapsed since
such service, and that no answer to the plaintiff's complaint
has been served on the plaintiff's attorney, and that no ap-
pearance has been made herein by the defendants."

This shows conclusively that the court passed upon the
question of default, and this recital must control as far as the
record is concerned. Appellant's argument as to the neces-

sity of filing proof of default with the clerk before applying for judgment under sec. 2891, Stats. 1898, does not apply to an application made to the court under subd. 2 of this section. This question was passed upon in *Reed v. Catlin,* 49 Wis. 686, 6 N. W. 326. It is there held:

"The second subdivision of the section authorizes the plaintiff to apply to the court for judgment in other actions wherein the defendant has made default, 'upon the like proof.' . . . The words 'upon the like proof,' contained therein, evidently mean upon proof of the facts required to be shown in subd. 1 of the section, which confers authority upon the clerk to enter judgment in certain cases on default. We do not think subd. 2 requires that such proofs be filed. There is no necessity that they should be filed, because they are made in court, and their sufficiency is determined by the court in the first instance." See, also, *Mitchell v. Rolison,* 52 Wis. 155, 8 N. W. 886.

Appellant mainly relies for relief under the demands of her petition upon the contention that there is no proof showing that the summons and complaint were served upon her, and that they were not in fact so served. The findings of the court and the judgment rendered therein, both bearing date of March 31, 1902, both state that it appeared to the court that the summons was duly served on the defendants; and an affidavit of service was filed April 8, 1902, before entry of judgment. This is urged to be an insufficient showing of record that there was a service of summons, for the reason that sec. 2891, Stats. 1898, requires the evidence of such service to be filed with the clerk before the rendition of judgment. This claim is not supported by the authorities cited. They refer either to the filing of such proof in applications to the clerk for judgment under the first subdivision of this section, or present instances wherein the record of the evidence of such service, on which the court acted and relied, was wholly insufficient to establish the fact of service, and hence was insufficient to authorize the entry of a valid judgment against

the defendants. Some confusion of language appears in the cases upon this subject, through speaking of the want of proof of proper service as a jurisdictional question. The distinction between the fact of service, which is essential to jurisdiction, and proof of the fact of service, as the evidence of jurisdiction, has at times been lost sight of. If service of the summons in a case is, in fact, made on the defendants, that gives the court jurisdiction to render a valid judgment, so far as the service of process is concerned, though the evidence of record, constituting the proof of service, may fail in essential particulars to establish that such service was in fact made. In cases where service was in fact had, the court has jurisdiction, and may after judgment permit an amendment of the record to supply omissions necessary to show that the service was in fact made. In cases wherein the record was incomplete, this court has repeatedly held judgments to be erroneous, instead of treating them as void, permitted the record to be amended to show the fact of service, and has thereby recognized the principle that, when process has been actually served but the fact is not shown by the record, the court has jurisdiction, in the sense of possessing the power to enter a judgment which is conclusive on the parties; and it may supply proof of such service after judgment. See *Sueterlee v. Sir,* 25 Wis. 357; *Bacon v. Bassett,* 19 Wis. 45; *Rehmstedt v. Briscoe,* 55 Wis. 616; *Mitchell v. Rolison,* 52 Wis. 155, 8 N. W. 886; *Reed v. Catlin, supra; Hall v. Graham,* 49 Wis. 553, 5 N. W. 943; *McConkey v. McCraney,* 71 Wis. 576, 37 N. W. 822; *Zimmerman v. Gerdes,* 106 Wis. 608, 82 N. W. 532. As stated, the record in this case shows that due proof of service was submitted to the court before the rendition of judgment, though it was not theretofore filed with the clerk. The omission to file with the clerk the written proof of such service, submitted to the court before rendition of judgment, does not invalidate the judgment under the requirements of subd. 2, sec. 2891, Stats. 1898. The cases above cited hold that in

applying for judgment under subd. 2 of this section, such proof need not be filed with the clerk before rendition of judgment. It is sufficient if such proof is submitted to the court before the judgment is rendered. Since the findings and judgment show that proof of the fact of service was actually submitted and made before the court, the demands of the statute are complied with, and the judgment is valid until impeached by a direct proceeding establishing that process was not served as evidenced by the record.

Upon the hearing of this petition the court found that appellant had in fact been served. In view of this finding the petition was properly dismissed and the judgment held to be valid.

*By the Court.*—The order appealed from is affirmed.