STATE EX REL. STENGL and others vs. CARY, State Superintendent of Public Instruction.

*May 25—June 20, 1907.*

*Supreme court: Original jurisdiction: Certiorari: Schools: Alteration of districts: Jurisdiction of town board: Notice to school officers: Proof of service.*

1. The decision of the state superintendent of public instruction in the matter of the creation of a school district is properly reviewable on *certiorari* from the circuit court, and does not call for the exercise of the original jurisdiction of the supreme court.

2. A writ of *certiorari* having been issued under the original jurisdiction of the supreme court in such a case, and return made, and the cause having been argued and submitted upon the questions so arising without objection to the jurisdiction by either party, the court exercises a discretion to entertain and determine the cause.

3. It is essential to the jurisdiction of the town board in the matter of the formation of a school district under sec. 418, Stats. (1898), that the records of the board should show at least written proof or admission of service of the notice therein mentioned upon the clerks of the districts to be affected.

[4. Whether omission, by the clerk of a school district affected by a proposed alteration, to give notice to other members of the school board as required by sec. 418, Stats. (1898), would nullify the proceedings of the town board under that section, is not determined.]

5. An affidavit stating that "the above is a true copy of notice served on above school clerk at 3 p. m.," but not purporting to be made by the person who served the notice, and not stating definitely the time, place, or manner of service, is insufficient as proof of service.

CERTIORARI to review a decision of the State Superintendent of Public Instruction. *Reversed.*

A writ of *certiorari* was issued August 21, 1906, under the original jurisdiction of this court to the Honorable *C. P. Cary,* state superintendent of public instruction, requiring the said state superintendent to return the papers, files, and

decision in the matter of the creation of school district No. 7 of the town of Ackley, Langlade county, Wisconsin, upon errors assigned in said writ as follows:

"(1) That there was no notice, either written or verbal, given or served by the clerks of said school districts Nos. 1, 2, and 5 (out of which said new district was created), or by any other person, to or upon the directors and treasurers of said districts, as provided by law.

"(2) That no notice, either verbal or written, was given or served to or upon the freeholders or electors affected by the proposed alteration.

"(3) That the notices served upon the clerks of said districts, if served at all, were not legal and did not conform to the statutes, in this, that they did not state or show the contemplated alterations in said districts or the territory detached to form the proposed district No. 7.

"(4) That said town board failed to meet at the time and decide concerning the alteration of said district, pursuant to notice.

"(5) That there are no records in the town clerk's office of the return of the service of notices on the several district clerks.

"(6) That the petition to said town board for the alteration of said school districts and the formation of a new district is irregular and not in conformity with law, and conferred no jurisdiction on said board to act thereon.

"(7) That the notice and appeal to said state superintendent from the decision of said board and the papers and proceedings connected therewith are irregular and void and do not conform to law, and conferred no jurisdiction on said officers to act thereon, and are contrary to the affidavits, papers, and evidence in the case."

The superintendent of public instruction considered the appeal on its merits and reversed the order of the town board refusing to create a new district No. 7, and created the school district in question, consisting of a strip of land nine and one-half miles long and one mile wide, except one and three-fourths miles of this length where it is one and one-fourth miles wide, and one-fourth mile of this length where it is one

and one-half miles wide. The petition for the writ of *certiorari* states that notice was served by the town board on the district clerks of school districts Nos. 1, 2, and 5, and the return of the state superintendent shows there was filed with him on the appeal statements or affidavits in the following form:

"I, W. B. Heineman, hereby certify under oath that the above is a true copy of notice served on above school clerk at 3 p. m.

"Dated this 2d day of June, 1906.

"W. B. HEINEMAN.

"Subscribed and sworn to before me this 2d day of June, 1906.                    CHARLES W. BRUCE, Notary Public."

No other proof of service upon any other person or officer appears in the return of the state superintendent. The above proofs do not appear in the records of the town board of supervisors. The appeal from the decision of the town board of supervisors to the state superintendent was taken by one Heineman and answered by the chairman of the town board of supervisors, Nelson. The school districts affected by the creation of the new district did not appear in the proceedings before the superintendent.

For the petitioners the cause was submitted on the brief of *T. W. Hogan* and *Henry Hay*. They argued, among other things, that the town board was without jurisdiction to act because the clerks failed to notify the other officers of their respective districts. If the town board acquired no jurisdiction to deal with the matter originally, the state superintendent would have no jurisdiction on appeal. *State ex rel. Bidgood v. Clifton,* 113 Wis. 107; *Stringham v. Winnebago Co.* 24 Wis. 594; *Klaise v. State,* 27 Wis. 462; *Appeal of Royston,* 53 Wis. 612, 617. The giving of the prescribed notices is a jurisdictional prerequisite to the making of the order. *State ex rel. Graff v. Steele,* 106 Wis. 475; *State ex rel. Foster v. Graham,* 60 Wis. 395; *State ex rel. Bidgood*

*v. Clifton,* 113 Wis. 107; *State ex rel. Moreland v. Whitford,* 54 Wis. 150; *State v. Logue,* 73 Wis. 598; *Schroeder v. Klipp,* 120 Wis. 245; *Williams v. Giblin,* 86 Wis. 147, 150; *Ruhland v. Hazel Green,* 55 Wis. 664. The town board was without jurisdiction to act, for the reason that the records of the town board or of the town clerk failed to show that the town board gave any notice to the clerks of the districts affected. *State ex rel. Witte v. Curtis,* 86 Wis. 140; *McVichie v. Knight,* 82 Wis. 137, 139; *Muskego v. Drainage Comm'rs,* 78 Wis. 40; *Donnelly v. Decker,* 58 Wis. 461; *State ex rel. Foster v. Graham,* 60 Wis. 395; *Graves v. Joint Board,* 102 Mich. 634, 61 N. W. 60; *Fractional School Dist. v. Boards,* 63 Mich. 611, 30 N. W. 198; *Huyser v. Boards,* 131 Mich. 568, 91 N. W. 1020; *Dooley v. Meese,* 31 Neb. 424, 48 N. W. 143; *Blodgett v. Highway Comm'rs,* 47 Mich. 469, 11 N. W. 275; *Cardigan v. Page,* 6 N. H. 182; *Nelson v. Pierce,* 6 N. H. 194. It is the record of the town board, and not Heineman's petition on appeal, that must show the jurisdictional facts. Neither the notice to the clerks nor the proof of service thereof can be waived. *State ex rel. Graff v. Steele,* 106 Wis. 475; *State ex rel. Bidgood v. Clifton,* 113 Wis. 107; *State ex rel. Foster v. Graham,* 60 Wis. 395.

For the respondent the cause was submitted on the brief of the *Attorney General* and *F. T. Tucker,* second assistant attorney general.

TIMLIN, J. This is not a case for the original jurisdiction of this court. The rules governing the exercise of that jurisdiction will be found in *In re Court of Honor,* 109 Wis. 625, 85 N. W. 497. But the writ having been issued and return made and no objection taken to the jurisdiction of this court by either party, and the case having been argued and submitted upon the questions arising on said writ and return, this court exercises a discretion to entertain the

cause. *State ex rel. Foster v. Graham,* 60 Wis. 395, 19 N. W. 359. Future cases of this kind will be for the circuit court.

Sec. 418, Stats. (1898), provides:

"Whenever the town board shall contemplate an alteration of a district they shall give at least five days' notice in writing to the clerk of the district or districts to be affected thereby, stating in such notice when and where they will be present to decide upon such proposed alteration; and such clerk or clerks shall immediately notify the other members of the board. No territory shall be detached from one district unless by the same order it be attached to another, and a district may be dissolved by attaching all its territory to other districts."

In this case there is no proof that the clerk or clerks of districts Nos. 1, 2, and 5 ever gave any notice to the other members of the school board of either of said districts. We do not determine this case upon that omission, but call attention to the mandatory form of the statute in this particular and the difficulties it might present in practical construction, enabling the clerk of the adverse party, by omission of a statutory duty, apparently to nullify the proceeding. Whether omission of such duty on the part of the clerk would have that effect is not here intimated or decided, but attention is merely directed to the peculiar form of the statute and the person upon whom the duty is cast of serving notice upon the other members of the school board. The record here shows no attempt to perform this duty and no request to have it performed.

In many legal proceedings in courts it is well settled that it is the fact of service which gives the court jurisdiction of the person and not the proof of service. If service was in fact made, proof thereof may in many cases be supplied later when necessary. *Schmidt v. Stolowski,* 126 Wis. 55, 105 N. W. 44; sec. 2642, Stats. (1898), and cases in notes. But

with reference to special statutory tribunals the rule is in many cases different. Where the statute expressly makes proof of service a condition precedent to the jurisdiction which it specially confers, there can be no question that proof of service must appear affirmatively before the board or other special tribunal can act. But there is also a class of cases where the policy of the law or the implications from the statutes require record proof of the preliminary jurisdictional steps in a proceeding. The creation of a school district is a matter of considerable importance in governmental affairs. When created the school district is a *quasi*-corporation and may sue and be sued. Sec. 417, Stats. (1898). It may have important property rights. Secs. 420, 424, Id. It is a taxing district for certain purposes. Sec. 421, Id. And it has quite extensive powers with reference to school matters and building, voting taxes, electing officers, and borrowing money. Sec. 430, Id. It is consequently extremely undesirable that it should remain a matter of doubt or uncertainty whether or not a particular district has or has not corporate existence. If the giving of notice to the district clerk is essential to the jurisdiction of the town board to create a school district by detaching part of the territory of another district, and the record remains silent as to whether such notice was given or not, and the fact whether notice was given or not liable to dispute or controversy in the courts, great confusion must result. In *State ex rel. Bidgood v. Clifton,* 113 Wis. 107, 88 N. W. 1019, it was decided that a town board acquired no jurisdiction to alter a school district without giving to the clerk of the district affected the notice required by sec. 418, *supra.* In the same case it is said, in refusing to sustain the claim that the relator was not entitled to the writ because he had an adequate remedy by statutory appeal to the state superintendent, that if the action of the town board was a nullity for want of jurisdiction the state superintendent could not review the same on appeal.

"Such appeal would have given to the state superintendent no more authority to act in relation to such alteration of the districts than he would have had if the town board had not acted at all; and hence an appeal would not have given to the relator an adequate remedy."

In *State ex rel. Graff v. Steele,* 106 Wis. 475, 82 N. W. 295, it was held that not only was this notice to the district clerks necessary to the jurisdiction of the board, but that the notice must be authorized by the town board at a meeting duly held. *State ex rel. Foster v. Graham,* 60 Wis. 395, 19 N. W. 359, was a writ of *certiorari* issued out of this court to the state superintendent of public instruction and his determination reversed thereon. That case, however, went further and held that the officers of the school district could not waive or dispense with the giving of this notice, and that the determination of the state superintendent of public instruction based upon an appeal from the determination of the town board of supervisors was void for want of jurisdiction if the determination appealed from was for that reason void.

Now, the records of the town board of supervisors are silent as to the service of any notice upon the district clerks and also silent as to the service of any notice by the district clerks upon the other district officers. Is it necessary that proof of service upon the district clerks appear in the records of the town board of supervisors creating, or refusing to create, the school district? In *State ex rel. Witte v. Curtis,* 86 Wis. 140, 56 N. W. 475, it was said with reference to the action of the supervisors in laying out and establishing a ditch that it must appear on the face of their proceedings that they had jurisdiction or the proceedings will be void. In *McVichie v. Knight,* 82 Wis. 137, 51 N. W. 1094, with reference to the action of the town board of supervisors in taking steps to issue and negotiate the bonds of the town for the purpose of building a town hall, it is said that the jurisdiction of the

town board to issue the bonds must appear on the records of the town. In *Iverslie v. Spaulding,* 32 Wis. 394, it was said with reference to the affidavit of publication of the notice of tax sale which was wanting from the records, but. where the fact of publication was sought to be established by parol evidence:

"The record alone can be resorted to for the purpose of determining whether the requirements of the statute have been complied with, and that the introduction of parol evidence in aid of the record thus required to be made would defeat the policy of the law."

The same rule was asserted in *Hiles v. Cate,* 75 Wis. 91, 42 N. W. 802. In *Saunderson v. Herman,* 95 Wis. 48, 69 N. W. 977, it was held that special assessment proceedings which were on their face void for failure to comply with the charter could not be corrected by extrinsic evidence that the charter provisions had been in fact complied with. See, also, *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218; *Myrick v. Kahle,* 120 Wis. 57, 97 N. W. 506. In *Chickering-Chase Bros. Co. v. White,* 127 Wis. 83, 106 N. W. 797, this principle was applied in the construction of sec. 2315, Stats. (1898), providing for the renewal of a chattel mortgage by affidavit. After the school district is established and in operation, its existence is not subject to collateral attack; but where the question arises *in limine* and directly, as in the case at bar, jurisdiction of the town board should appear from its records.

We are convinced that in the formation of a school district the records of the town board of supervisors should, in order to confer jurisdiction on that board under the statute in question, show at least written proof or admission of service of the notice upon the school district clerk or clerks, as the case may be. The affidavit of service filed with the state superintendent by Heineman is also insufficient as proof of service because it does not definitely state the time, place, or

manner of service and does not purport to be made by the party who served the notice. It follows, however, from the omission to make and record with the town clerk proof of service of the notice upon the district clerks, that the town board of supervisors had no jurisdiction in the matter and that the state superintendent acquired none on appeal.

*By the Court.*—The order of the state superintendent establishing school district No. 7 of the town of Ackley in Langlade county is reversed, without costs, except that the relators pay the clerk's fees.